EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Tania L. Rosario Domínguez, et als.<br><br>     Recurridos<br><br>          v.<br><br>Estado Libre Asociado de Puerto Rico et al.<br><br>     Peticionarios | Certiorari<br><br>2017 TSPR 90<br><br>198 DPR ____ |

Número del Caso: AC-2014-74

Fecha: 31 de mayo de 2017

Tribunal de Apelaciones:

     Judicial de San Juan y Guayama

Oficina de la Procuradora General:

       Lcda. Margarita Mercado Echegaray
       Procuradora General

       Lcda. Jannelle M. Laforet Matos
       Procuradora General Auxiliar

Abogados de la parte Recurrida:

       Lcdo. Héctor Collazo Maldonado
       Lcdo. José Velázquez Ortiz
       Lcda. Maribel Sánchez Muñoz
       Lcdo. Javier Aponte Reyes

Materia: Derecho Procesal Civil- Carácter jurisdiccional del término para notificar un memorando de costas a las partes, conforme las Reglas 44.1 y 68.2 de Procedimiento Civil, 32 LPRA Ap. V.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Tania L. Rosario Domínguez *et als.*<br><br>Recurridos<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico *et al.*<br><br>Peticionarios | **AC-2014-0074** | *Certiorari* |

Opinión del Tribunal emitida por el Juez Asociado SEÑOR FELIBERTI CINTRÓN

En San Juan, Puerto Rico, a 31 de mayo de 2017.

Anteriormente hemos sostenido que, conforme a las Reglas 44.1 y 68.2 de Procedimiento Civil, *infra*, el plazo de diez (10) días que tiene una parte prevaleciente en un pleito para **presentar** un memorando de costas es de naturaleza **jurisdiccional.**[1] Ahora bien, el caso de epígrafe nos permite aclarar el estado de derecho en cuanto a la naturaleza del término de diez (10) días para **notificar** un memorando de costas a las demás partes. En particular, debemos determinar si dicho plazo es de carácter jurisdiccional o si, en cambio, es de cumplimiento estricto y prorrogable. Tras evaluar integralmente la letra clara de las Reglas 44.1 y 68.2 de Procedimiento Civil, *infra*, precisamos que el término para

---

[1] Véanse: <u>Colón Santos v. Coop. Seg. Mult. P.R.</u>, 173 DPR 170 (2008); <u>Comisionado v. Presidenta</u>, 166 DPR 513 (2005); <u>Medio Mundo, Inc. v. Rivera</u>, 154 DPR 315 (2001); <u>Granados v. Rodríguez Estrada V</u>, 127 DPR 1 (1990); <u>Piñero v. Martínez Santiago</u>, 104 DPR 587 (1976), y <u>Pereira v. I.B.E.C.</u>, 95 DPR 28 (1967).

**notificar** un memorando de costas a las demás partes es igualmente **jurisdiccional** y, por lo tanto, improrrogable, fatal e insubsanable. Veamos.

**I**

El 11 de octubre de 2010, la Sra. Tania L. Rosario Domínguez, por sí y en representación de su hijo menor de edad, A.A.R. (señora Rosario o Recurrida), inició el caso de autos mediante la presentación de una demanda de daños y perjuicios. El 27 de enero de 2014, el Tribunal de Primera Instancia dictó una Sentencia en la que declaró *Ha Lugar* dicha causa de acción y condenó a las partes codemandadas[2] al pago de honorarios de abogado, costas e intereses a favor de la Recurrida. Ésta se notificó el **4 de febrero de 2014.**

El 5 de febrero de 2014, la señora Rosario envió un *Memorando de Costas* por correo certificado dirigido al foro primario y reclamó $24,347.19 en gastos incurridos en la tramitación del litigio. En el documento, su representante legal certificó que, ese mismo día, notificó el escrito a las demás partes en el caso. Oportunamente, el **10 de febrero de 2014,** el Tribunal de Primera Instancia recibió el escrito.

El 24 de febrero de 2014, el foro primario le ordenó a las otras partes que fijaran su posición en torno al *Memorando de Costas*.[3] El 7 de marzo de 2014, el codemandado, Servicios Profesionales Integrados a la Salud, Inc. (SPIS,

---

[2]     Entre las partes codemandadas figuran: Servicios Profesionales Integrados a la Salud, Inc. y el Gobierno de Puerto Rico (Gobierno).

[3]     El 13 de marzo de 2014, el Gobierno solicitó una prórroga para cumplir con tal orden.

Inc.) presentó su *Moción en Objeción a Memorando de Costas* y arguyó que éstas se debían limitar a $7,536.33.

Con el beneficio del escrito de SPIS, Inc., el 12 de marzo de 2014, el foro primario emitió una Resolución en la que declaró *Ha Lugar* ciertas partidas del *Memorando de Costas*. Ésta se notificó el 17 de marzo de 2014.

Posteriormente, el 19 de marzo de 2014, el Gobierno de Puerto Rico (Gobierno o Peticionario) sometió su *Oposición a Memorando de Costas* en la cual objetó algunas de las sumas reclamadas. Además, señaló que la señora Rosario no le notificó oportunamente el *Memorando de Costas*, según requiere la Regla 44.1 de Procedimiento Civil, *infra*, por lo que solicitó que se denegara el mismo.[4] El 28 de marzo de 2014, el Tribunal de Primera Instancia determinó que la referida oposición fue presentada fuera de término y que no había nada que proveer.

Inconforme, el 31 de marzo de 2014, el Peticionario sometió una *Moción de Reconsideración* en la que reiteró que la Recurrida no le notificó el *Memorando de Costas* dentro del término jurisdiccional de diez (10) días provisto para ello. Sostuvo que el foro primario carecía de autoridad para considerar el mencionado escrito y conceder las costas

---

[4]     De los autos surge que la *Oposición a Memorando de Costas* estaba acompañada de unos documentos dirigidos a acreditar que la notificación del *Memorando de Costas* se efectuó el **25 de febrero de 2014**.

solicitadas.**5**    No  obstante,  dicho  foro  no  atendió  el

planteamiento jurisdiccional del Gobierno.**6**

Así  las  cosas,  el  9  de  mayo  de  2014,  el  Peticionario

presentó  una  *Petición  de  Certiorari*  ante  el  Tribunal  de

Apelaciones.    Entre  otras  cosas,  sostuvo  que,  al  notificarse

el  *Memorando  de  Costas*  fuera  de  término,  el  foro  primario

carecía  de  autoridad  para  conceder  las  costas  reclamadas.

Consecuentemente,  solicitó  la  revocación  de  la  determinación

del  Tribunal  de  Primera  Instancia  aprobando  el  *Memorando  de*

*Costas*.**7**

El  10  de  junio  de  2014,  la  Recurrida  se  opuso  al  recurso

ante  el  foro  apelativo  intermedio.    En  apoyo  a  su  posición,

planteó que:

> Por  razones  que  atribuimos  a  una  inadvertencia
> motivada  por  el  cúmulo  de  asuntos  que  atender  a
> última  hora,  antes  de  salir  de  viaje  fuera  de
> Puerto  Rico,  dicho  Memorando  de  Costas  **no  fue**
> **notificado  coetáneamente  a  la  parte  demandada.**
> Ello  se  hizo  el  **25 de febrero de 2014**.    Fue
> entonces  que,  aun  fuera  de  la  Isla  y  ante  un  correo
> de  su  distinguida  representación  profesional,
> instruimos  a  nuestra  asistente  a  remitírselo  a  las
> partes  adversas  por  correo  electrónico.  (Énfasis
> nuestro  y  subrayado  en  el  original).  *Oposición a*
> *Solicitud  de  Certiorari*  de  la  señora  Rosario  de  10
> de junio de 2014*,* págs. 2-3.

El  30  de  junio  de  2014,  el  Tribunal  de  Apelaciones  dictó

Sentencia.    Explicó  que  el  inciso  (c)  de  la  Regla  44.1  de

Procedimiento  Civil,  *infra*,  establece  **taxativamente**  que  el

---

**5**     En  la  alternativa,  alegó  que  ciertas  partidas  concedidas  como  costas  eran
excesivas  e  improcedentes,  por  lo  que  solicitó  que  se  reconsiderara  la  aprobación
de las mismas.

**6**     El  Tribunal  de  Primera  Instancia  se  limitó  a  modificar,  mediante  Resolución
de 8 de abril de 2014, la concesión de algunas partidas del *Memorando de Costas*.

**7**     En  la  alternativa,  arguyó  que  ciertas  partidas  del  *Memorando de Costas*  eran
improcedentes.

término de diez (10) días para **presentar** un memorando de costas y **notificarlo** a las demás partes **en la etapa apelativa es jurisdiccional**. Sin embargo, determinó que, cuando una parte resulta victoriosa en el **foro primario**, el plazo de diez (10) días para **presentar y notificar** un memorando de costas **no es jurisdiccional**. Fundamentó su decisión en el hecho de que, a diferencia del inciso (c), el inciso (b) de la referida Regla 44.1 no contiene la palabra "jurisdiccional". Añadió que el Gobierno no resultó perjudicado por la notificación tardía del *Memorando de Costas* debido a que pudo oponerse al mismo. Finalmente, dispuso que tampoco se violó el debido proceso de ley ya que el Peticionario tuvo la oportunidad de impugnar las costas mediante su *Moción de Reconsideración* presentada ante el foro primario.[8]

El Gobierno sometió entonces una *Moción de Reconsideración* ante el Tribunal de Apelaciones y reiteró sus argumentos. La misma fue declarada *No Ha Lugar*.

Inconforme, el Peticionario presentó el recurso de epígrafe. Señaló que la Regla 68.2 de Procedimiento Civil, *infra*, dispone que no se pueden prorrogar los plazos provistos en la Regla 44.1 de Procedimiento Civil, *infra*. Consecuentemente, arguyó que dicho término es de carácter jurisdiccional. Reiteró que la señora Rosario notificó el *Memorando de Costas* luego de vencido el término improrrogable de diez (10) días establecido en las citadas reglas. Por lo

---

[8]   Por otra parte, el foro apelativo intermedio modificó la Resolución del Tribunal de Primera Instancia para establecer que la partida #9 del *Memorando de Costas* debía ser satisfecha, únicamente, por la parte codemandada, Servicios Profesionales Integrados a la Salud, Inc.

cual, planteó que erraron los foros inferiores al considerar un *Memorando de Costas* que fue notificado fuera de término.[9]

El 12 de diciembre de 2014, emitimos Resolución acogiendo el recurso de epígrafe como *certiorari* y expidiendo el auto solicitado.

El 27 de mayo de 2015, la Recurrida sometió entonces su alegato en el que indicó que el *Memorando de Costas* se notificó al Gobierno el **25 de febrero de 2014.** Manifestó que el Peticionario se demoró veintidós (22) días en presentar su *Oposición a Memorando de Costas*, a pesar de que el plazo para impugnar era de diez (10) días, según dispuesto en la Regla 44.1(b) de Procedimiento Civil, *infra*. Además, alegó que el Gobierno no planteó, adecuada y suficientemente, ante el foro primario, que el *Memorando de Costas* fue notificado fuera de término, por lo que no podía presentar esta nueva teoría en la etapa apelativa. También reiteró los argumentos expuestos en la Sentencia del Tribunal de Apelaciones en cuanto a que: el foro primario tuvo la oportunidad de considerar las objeciones del Gobierno; no hubo perjuicio por el retraso en la notificación, y se cumplió con el debido proceso de ley.

En relación a la naturaleza del término para notificar un memorando de costas, la señora Rosario también coincidió con la determinación del Tribunal de Apelaciones en cuanto a que, a diferencia del inciso (c) de la Regla 44.1 de Procedimiento Civil, *infra*, el inciso (b) de la referida disposición procesal no lo califica expresamente como uno jurisdiccional.

---

[9] En la alternativa, propuso que, de considerar que el término para notificar un memorando de costas es de cumplimiento estricto, la señora Rosario tenía que establecer justa causa para que el foro primario pudiera prorrogar el plazo.

En esa línea, destacó que tampoco existía un precedente de este foro que lo estableciera como de carácter jurisdiccional. Así pues, propuso que, a lo sumo, dicho plazo es de cumplimiento estricto. De ser así, solicitó que apliquemos prospectivamente nuestra determinación al respecto.

Con el beneficio de la comparecencia de las partes, resolvemos.

## II

### A. Interpretación Judicial de las Leyes

El Art. 14 del Código Civil, 31 LPRA sec. 14 (2015), establece que, "[c]uando la ley es clara [y] libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu". En ese caso, su propio texto constituye la mejor expresión de la intención legislativa. COSVI v. CRIM, 193 DPR 281 (2015); Shell v. Srio. Hacienda, 187 DPR 109 (2012); Cruz Parrilla v. Depto. Vivienda, 184 DPR 393 (2012).

No obstante, si el lenguaje es ambiguo o impreciso, debemos interpretar la ley con el objetivo de acatar la verdadera intención del legislador. Ríos Martínez v. Comisión Local de Elecciones de Villalba, 2016 TSPR 188, 196 DPR ___ (2016); COSVI v. CRIM, supra. Así pues, como parte de nuestra labor interpretativa, estamos llamados a llenar las lagunas en la ley y armonizar los estatutos aplicables que estén en conflicto, con el propósito de "obtener un resultado sensato, lógico y razonable". Ríos Martínez v. Comisión Local de Elecciones de Villalba, supra.

### B. Jurisdicción Sobre la Materia

La jurisdicción sobre la materia es la autoridad que tiene un foro adjudicativo para atender y resolver determinada controversia o asunto sobre un aspecto legal. Ríos Martínez v. Comisión Local de Elecciones de Villalba, *supra*; Rivera Marcucci *et al*. v. Suiza Dairy Inc. *et als.*, 2016 TSPR 172, 196 DPR ___ (2016); Shell v. Srio. Hacienda, *supra*.

Las cuestiones relativas a la jurisdicción sobre la materia pueden considerarse, a solicitud de parte o por el tribunal *motu proprio*, en cualquier etapa de los procedimientos, incluso en la apelativa. Ríos Martínez v. Comisión Local de Elecciones de Villalba, *supra*; Shell v. Srio. Hacienda, *supra*; Souffront v. A.A.A., 164 DPR 663 (2005).[10] Éstas deberán ser resueltas con preferencia a cualesquiera otras. Ríos Martínez v. Comisión Local de Elecciones de Villalba, *supra*.[11] Si un tribunal concluye que no tiene jurisdicción para adjudicar el asunto ante su consideración, no podrá atenderlo ya que, de hacerlo, su determinación será nula. Ríos Martínez v. Comisión Local de Elecciones de Villalba, *supra*; COSVI v. CRIM, *supra*.

### C. Cumplimiento con los Términos Prescritos en Nuestro Ordenamiento Procesal

Como norma general, las reglas procesales no son renunciables, por lo que las partes tienen que ejecutar los procedimientos prescritos para poder obtener una determinación de un órgano jurisdiccional adjudicativo. R. Hernández Colón,

---

[10]   Véase, además, J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. I, pág. 182.

[11]   Íd.

*Práctica jurídica de Puerto Rico: derecho procesal civil*, 5ta ed., San Juan, Ed. LexisNexis, 2010, Sec. 308, pág. 24.[12] Así pues, debemos tener presente que:

> La ley adjetiva y las Reglas de Procedimiento Civil, cuando son aplicables, tienen fuerza de ley y los que acuden a las cortes de justicia en solicitud de remedios están obligados a seguirlas mientras se hallan vigentes. Los Tribunales no pueden enmendar libremente estas reglas sin seguir el trámite dispuesto para ello. (Citas internas omitidas). J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. V, pág. 1897.

Nuestro ordenamiento procesal establece, además, que determinados actos deben realizarse dentro del correspondiente término dispuesto para ello.[13] Hernández Colón, *op. cit.*, Sec. 1801, pág. 197. Véase, además, Cruz Parrilla v. Depto. Vivienda, *supra*. A esos efectos, existen distintos tipos de términos, a saber: discrecionales; directivos; de cumplimiento estricto, y jurisdiccionales. B.B.V. v. E.L.A., 180 DPR 681 (2011), citando a Hernández Colón, *op. cit.*, Sec. 1801, pág. 197. Dependiendo de la naturaleza del plazo, su inobservancia conllevará alguna sanción que podrá "fluctuar desde que un juez resuelva un incidente sin contar con determinado argumento, hasta la pérdida de algún derecho". B.B.V. v. E.L.A., *supra*, pág. 688, citando a Hernández Colón, *op. cit.*, Sec. 1801, pág. 197.

---

[12]    A esos fines, hemos expresado que, al ejercer nuestro deber de administrar la justicia, no podemos dejar "al arbitrio de los abogados decidir qué disposiciones reglamentarias deben acatarse y cuándo". Soto Pino v. Uno Radio Group, 189 DPR 84, 91 (2013), citando a Matos v. Metropolitan Marble Corp., 104 DPR 122, 125 (1975). Véase, además, Arriaga v. F.S.E., 145 DPR 122, 130 (1998).

[13]    Un término es un "plazo concedido por ley para realizar determinado acto procesal". R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 5ta ed., San Juan, Ed. LexisNexis, 2010, Sec. 1801, pág. 197. Véase, además, Rivera Marcucci *et al.* v. Suiza Dairy Inc. *et als.*, 2016 TSPR 172, 196 DPR ___ (2016).

Primeramente, los términos jurisdiccionales son de naturaleza improrrogable, por lo que no están sujetos a interrupción o cumplimiento fuera de término, "[…] no importa las consecuencias procesales que su expiración provoque". Cruz Parrilla v. Depto. Vivienda, *supra*, pág. 403, citando a Hernández Colón, *op. cit.*, Sec. 1804, pág. 201.[14] Debido a que son improrrogables, fatales e insubsanables, estos plazos no se pueden acortar ni extender.[15] Insular Highway v. A.I.I. Co., 174 DPR 793 (2008); Martínez, Inc. v. Abijoe Realty Corp., 151 DPR 1 (2000). Véase, además, Cuevas Segarra, *op. Cit,* T. V, págs. 1899-1900.

En esa línea, los requisitos jurisdiccionales establecidos por ley tienen que ejecutarse previo a que el tribunal pueda considerar los méritos de una controversia. COSVI v. CRIM, *supra*; Shell v. Srio. Hacienda, *supra*. Esto se debe a que el incumplimiento con este tipo de exigencia, priva al tribunal de autoridad sobre el asunto que se intenta traer ante su consideración. Así pues, hacer caso omiso a directrices de naturaleza jurisdiccional impide que se pueda atender un escrito presentado fuera de término. Rivera Marcucci *et al*. v. Suiza Dairy Inc. *et als.*, *supra*; Shell v. Srio. Hacienda, *supra*; Cruz Parrilla v. Depto. Vivienda, *supra*; Hernández Colón, *op. cit.*, Sec. 1804, pág. 201. De

---

[14]     Dicho de otro modo, un plazo improrrogable "significa que es jurisdiccional". De Jesús Viñas v. González Lugo, 170 DPR 499, 507 (2007).

[15]     Existen, sin embargo, circunstancias particulares en las que, por disposición expresa de ley o reglamento, los términos jurisdiccionales pueden estar sujetos a interrupción. Véase, por ejemplo, la Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V (Supl. 2015), sobre interrupción de términos para acudir a un foro apelativo. Además, hay disposiciones que alteran el cómputo del término. Véanse los Artículos 387-389 del Código Político, 1 LPRA secs. 71-73 (2016). Véase, además, Ríos Martínez v. Comisión Local de Elecciones de Villalba, 2016 TSPR 188, 196 DPR ___ (2016).

manera que, al auscultar su jurisdicción, los tribunales estamos "llamados a ser árbitros y celosos guardianes de los términos reglamentarios". Soto Pino v. Uno Radio Group, 189 DPR 84, 93 (2013).

Para poder determinar que un plazo es jurisdiccional, el legislador debe establecer claramente que su intención fue imponerle esa naturaleza. Cruz Parrilla v. Depto. Vivienda, *supra*; J. Directores v. Ramos, 157 DPR 818 (2002); Lagares v. E.L.A., 144 DPR 601 (1997); Méndez v. Corp. Quintas San Luis, 127 DPR 635 (1991). A esos efectos, también hemos sostenido que, aunque no lo establezca expresamente, un estatuto puede fijar una exigencia jurisdiccional cuando éste refleja indubitadamente que esa fue la intención legislativa. COSVI v. CRIM, *supra*; Lugo Rodríguez v. J.P., 150 DPR 29 (2000); Martínez v. Depto. del Trabajo, 145 DPR 588 (1998). Cuando la ley no contenga una instrucción clara a esos fines, es decir, un lenguaje que le otorgue un carácter fatal, el término se considerará como uno prorrogable. Cuevas Segarra, *op. cit.,* T. V, pág. 1900, citando a *In re* Godinez Morales, 161 DPR 219 (2004). Para ello, los tribunales debemos llevar a cabo el proceso de interpretación estatutaria antes descrito. Cruz Parrilla v. Depto. Vivienda, *supra*.

Por otro lado, los términos de cumplimiento estricto se sitúan entre los plazos prorrogables y los improrrogables. Rivera Marcucci *et al*. v. Suiza Dairy Inc. *et als*., *supra*; Hernández Colón, *op. cit.,* Sec. 1804a, pág. 202. Al igual que los términos jurisdiccionales, la inobservancia de una norma de cumplimiento estricto priva al tribunal de autoridad para

atender el asunto. <u>S.L.G. Szendrey-Ramos v. F. Castillo</u>, 169 DPR 873 (2007).

No obstante, a diferencia de los plazos de naturaleza jurisdiccional, se permite aplazar el acatamiento con los requisitos de cumplimiento estricto. <u>Toro Rivera *et als*. v. ELA *et al*.</u>, 194 DPR 393 (2015); <u>Soto Pino v. Uno Radio Group</u>, *supra*. Ahora bien, esto no significa que se libera a las partes de cumplir con los términos reglamentarios injustificadamente ni que los foros adjudicativos tengan discreción para prorrogarlos automáticamente. <u>Rivera Marcucci *et al*. v. Suiza Dairy Inc. *et als*.</u>, *supra*; <u>Toro Rivera *et als*. v. ELA *et al*.</u>, *supra*.

El tribunal solamente tiene discreción para prorrogar los términos de cumplimiento estricto cuando se demuestra que la dilación se debió a justa causa. <u>Rivera Marcucci *et al*. v. Suiza Dairy Inc. *et als*.</u>, *supra*; <u>Toro Rivera *et als*. v. ELA *et al*.</u>, *supra*.[16] Es decir, quien solicita la prórroga o actúa fuera del plazo tiene la obligación de consignar detalladamente la "justa causa por la cual no puede o [no] pudo cumplir con el término establecido". <u>Rivera Marcucci *et al*. v. Suiza Dairy Inc. *et als*.</u>, *supra*. Véase, además, <u>Lugo v. Suárez</u>, 165 DPR 729 (2005). Esta justificación tendrá que hacerse con explicaciones concretas, particulares y debidamente evidenciadas con el fin de colocar al tribunal en

---

[16] En contraste con los plazos jurisdiccionales, "[c]uando se trata de un término de cumplimiento estricto, el tribunal no está atado al automatismo que conlleva un requisito jurisdiccional, por lo que puede 'proveer justicia según lo ameritan las circunstancias' y extender el término". <u>Lugo v. Suárez</u>, 165 DPR 729, 738 (2005), citando a <u>Arriaga v. F.S.E.</u>, *supra*, pág. 131.

posición de evaluarla.  Rivera Marcucci *et al*. v. Suiza Dairy Inc. *et als.*, *supra*; Toro Rivera *et als*. v. ELA *et al.*, *supra*.

Así pues, para establecer justa causa, no se permiten vaguedades, excusas o planteamientos estereotipados.  Rivera Marcucci *et al*. v. Suiza Dairy Inc. *et als.*, *supra*; Toro Rivera *et als*. v. ELA *et al.*, *supra*; Arriaga v. F.S.E., 145 DPR 122 (1998).  De lo contrario, se trastocaría nuestro ordenamiento jurídico y los términos reglamentarios se convertirían en "metas amorfas que cualquier parte podría postergar".  Rivera Marcucci *et al*. v. Suiza Dairy Inc. *et als.*, *supra*; Soto Pino v. Uno Radio Group, *supra*, pág. 93.  De permitirse la modificación abusiva de estos términos, se perturbaría el orden lógico y armonioso de las etapas de un litigio y desestabilizaría nuestro ensamblaje procesal. Cuevas Segarra, *op. cit.*, T. V, pág. 1910.

Al considerar si medió justa causa, no será determinante el hecho de que el acto tardío no causó perjuicio indebido a las otras partes.  Rivera Marcucci *et al*. v. Suiza Dairy Inc. *et als.*, *supra*; Soto Pino v. Uno Radio Group, *supra*.  De ser así, los términos de cumplimiento estricto se reducirían a meros formalismos que pueden derrotarse fácilmente.  Íd.

### D. Memorando de Costas – En General

El inciso (a) de la Regla 44.1 de Procedimiento Civil (**Regla 44.1**), 32 LPRA Ap. V (2010), rige la concesión de costas en nuestro ordenamiento.[17]  Esta disposición tiene una

---

[17]  La Regla 44.1(a) de Procedimiento Civil, 32 LPRA Ap. V (2010), establece: "*Su concesión.*—Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas.  Las costas que podrá

función reparadora ya que permite el reembolso de los gastos necesarios y razonables que tuvo que incurrir la parte prevaleciente del pleito en la tramitación del mismo. Maderas Tratadas v. Sun Alliance *et al.*, 185 DPR 880 (2012); Auto Servi, Inc. v. E.L.A., 142 DPR 321 (1997); J.T.P. Dev. Corp. v. Majestic Realty Corp., 130 DPR 456 (1992). De esta forma, su derecho no queda "menguado por los gastos que tuvo que incurrir sin su culpa y por culpa del adversario". Maderas Tratadas v. Sun Alliance *et al.*, *supra*, pág. 934; J.T.P. Dev. Corp. v. Majestic Realty Corp., *supra*, pág. 460; Garriga, Jr. v. Tribunal Superior, 88 DPR 245, 253 (1963). Así pues, esta norma procesal tiene dos (2) propósitos, a saber: restituir lo que una parte perdió por hacer valer su derecho al ser obligada a litigar y "penalizar la litigación inmeritoria, temeraria, o viciosa […]". Auto Servi, Inc. v. E.L.A., *supra*, pág. 327; Garriga, Jr. v. Tribunal Superior, *supra*, pág. 253.

Una vez reclamadas, la imposición de costas a favor de la parte victoriosa es mandatoria. Maderas Tratadas v. Sun Alliance *et al.*, *supra*; Auto Servi, Inc. v. E.L.A., *supra*. No obstante, su concesión no opera de forma automática, ya que tiene que presentarse oportunamente un memorando de costas en el que se precisen los gastos incurridos. Colón Santos v. Coop. Seg. Mult. P.R., 173 DPR 170 (2008); J.T.P. Dev. Corp. v. Majestic Realty Corp., *supra*. Véase, además, J.A. Echevarría Vargas, *Procedimiento civil puertorriqueño*, 1ra ed. rev., Colombia, [s. Ed.], 2012, págs. 275-278. Además, el

conceder el tribunal son los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra".

tribunal tiene amplia discreción para evaluar la razonabilidad y determinar la necesidad de los gastos detallados. <u>Maderas Tratadas v. Sun Alliance</u> *et al.*, *supra*; <u>Auto Servi, Inc. v. E.L.A.</u>, *supra*.

**E. Presentación y Notificación de un Memorando de Costas**

La Regla 44.1, en sus incisos (b) y (c), establece el trámite requerido para solicitar la concesión de las costas, a saber:

> (b) *Cómo se concederán.—*La parte que reclame el pago de costas **presentará al tribunal y notificará a la parte contraria, dentro del término de diez (10) días** contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios incurridos durante la tramitación del pleito o procedimiento. […] Cualquier parte que no esté conforme con las costas reclamadas podrá impugnarlas en todo o en parte, dentro del término de diez (10) días contados a partir de aquel en que se le notifique el memorándum de costas. […]

> (c) *En etapa apelativa.*[]—La parte a cuyo favor un tribunal apelativo dicte sentencia **presentará** en la sala del Tribunal de Primera Instancia que decidió el caso inicialmente **y notificará a la parte contraria, dentro del término <u>jurisdiccional</u> de diez (10) días** contados a partir de la devolución del mandato y conforme a los criterios establecidos en el inciso (b) anterior, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios incurridos para la tramitación del recurso en el Tribunal de Apelaciones y en el Tribunal Supremo, según corresponda.[…] (Énfasis y subrayado nuestro).**[18]**

En reiteradas ocasiones, hemos reconocido que la parte prevaleciente en el pleito tiene un **término jurisdiccional** de

---

[18]     La derogada Regla 44.1(c) de Procedimiento de 1979, 32 LPRA Ap. III (1983), originalmente no mencionaba la palabra "jurisdiccional" que actualmente aparece en la vigente Regla 44.1(c) de Procedimiento Civil de 2009, 32 LPRA Ap. V (2010). Este cambio se incorporó mediante la Ley Núm. 249-1995, 32 LPRA Ap. III (2001), promulgada con el propósito de atemperar las reglas procesales a una reformada estructura judicial en Puerto Rico que incorporó un nuevo tribunal apelativo intermedio. Véase la Exposición de Motivos de la Ley Núm. 249-1995, *supra*.

diez (10) días para **presentar** un memorando de costas ante el foro primario.  Colón Santos v. Coop. Seg. Mult. P.R., *supra*; Comisionado v. Presidenta, 166 DPR 513 (2005); Medio Mundo, Inc. v. Rivera, 154 DPR 315 (2001); Granados v. Rodríguez Estrada V, 127 DPR 1 (1990); Piñero v. Martínez Santiago, 104 DPR 587 (1976), y Pereira v. I.B.E.C., 95 DPR 28 (1967).  Por lo cual, este plazo es improrrogable y su cumplimiento tardío priva al tribunal de autoridad para considerar y aprobar las costas reclamadas.[19]    Pereira v. I.B.E.C., *supra*. Véase, además, Cuevas Segarra, *op. cit.*, T. IV, págs. 1270 y 1297.

Como adelantáramos, la naturaleza jurisdiccional del término para **presentar** un memorando de costas surge en virtud de la Regla 68.2 de Procedimiento Civil (**Regla 68.2**), 32 LPRA Ap. V (2010), y sus predecesoras.  Piñero v. Martínez Santiago, *supra*; Pereira v. I.B.E.C., *supra*.[20]  La referida Regla dispone que:

> Cuando por estas reglas o por una notificación dada en virtud de sus disposiciones, o por una orden del tribunal se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción: (1) previa moción o notificación, o sin ellas, ordenar que se prorrogue o acorte el término si así se solicita antes de expirar el término originalmente prescrito o según prorrogado por orden anterior, o (2) en virtud de moción presentada después de haber expirado el plazo

---

[19]    El tratadista Cuevas Segarra expone que, conforme a la Regla 68.2 de Procedimiento Civil, 32 LPRA Ap. V (2010), el término de diez (10) días para **oponerse** a un memorando de costas también es improrrogable.  Cuevas Segarra, *op. cit.*, T. IV y V, págs. 1299, 1907-1908.

[20]    Nótese que los precedentes citados fueron resueltos durante la vigencia de las derogadas Reglas de Procedimiento Civil de 1958, 32 LPRA Ap. II (1969).  No obstante, las sucesivas enmiendas a estas reglas no afectan sustancialmente lo resuelto por esta Curia en dicha jurisprudencia.  El lenguaje contenido en las vigentes Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V (2010), en lo pertinente, tampoco tiene el efecto de variar lo establecido mediante los referidos precedentes.

especificado, permitir que el acto se realice si la omisión se debió a justa causa, pero **no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas** 43.1, **44.1**, 47, 48.2, 48.4, 49.2 y 52.2 todas **de este apéndice, salvo lo dispuesto en las mismas bajo las condiciones en ellas prescritas.** (Énfasis y subrayado nuestro).

Conforme a lo anterior, los plazos establecidos en determinadas reglas son improrrogables, entre ellos, los provistos en la Regla 44.1 concernientes a la tramitación del memorando de costas. Hernández Colón, *op. cit.*, Sec. 1804, pág. 201.

Debemos aclarar que la presentación de un escrito constituye un requisito distinto al de la notificación, ya que el primero se realiza en el tribunal, mientras que el segundo se dirige a las partes. Hernández Colón, *op. cit.*, Sec. 1609, pág. 191. Cuando las reglas procesales ordenan que se lleve a cabo determinado acto dentro de un término jurisdiccional, igualmente "presupone una simultánea, correcta y adecuada notificación a la dirección del abogado o de la parte que se autorepresenta". Cuevas Segarra, *op. cit.*, T. V, pág. 1899.

A esos efectos, la Regla 67.1 de Procedimiento Civil (**Regla 67.1**), 32 LPRA Ap. V (2010), requiere que, como norma general, todo escrito presentado ante el tribunal sea notificado a todas las demás partes del pleito. Véanse Lagares v. E.L.A., *supra*, y Cuevas Segarra, *op. cit.*, T. V, pág. 1883. Esta exigencia es un corolario del debido proceso de ley y es indispensable para mantener un sistema de justicia ordenado. Cuevas Segarra, *op. cit.*, T. V, pág. 1899; Hernández Colón, *op. cit.*, Sec. 1701, pág. 193. La obligación de notificar bajo la referida Regla 67.1 "es de estricto cumplimiento y su

omisión debe acarrear sanciones económicas, además de constituir una violación a la Regla 9 de Procedimiento Civil, si se certificó el hecho de la notificación". Cuevas Segarra, *op. cit.*, T. V, pág. 1884.

El propósito de la notificación es promover "que todas las partes del pleito estén plenamente enteradas de todo lo que allí acontece y [así] puedan expresarse sobre todos los desarrollos en éste". Lagares v. E.L.A., *supra*, pág. 618. También le permite a la parte contraria "anticipar sus propios pasos con respecto a los próximos eventos procesales del caso". Íd. Finalmente, la notificación permite agilizar el trámite judicial. Íd.

Por último, debemos resaltar que la Regla 67.1 también dispone que la notificación a las partes se efectuará el **mismo día** en que se presente un escrito ante el tribunal. Véase el *Informe de Reglas de Procedimiento Civil* de diciembre de 2007, pág. 764. Así pues, la simultaneidad de las notificaciones *inter partes* constituye un requisito adicional de los trámites de notificación. Martínez, Inc. v. Abijoe Realty Corp., *supra*.

Actualmente, existen diversas alternativas que facilitan la notificación dentro los términos dispuestos, por ejemplo, correo certificado, correo electrónico o telefax. Véanse la Regla 67.2 de Procedimiento Civil, 32 LPRA Ap. V (2010); Soto Pino v. Uno Radio Group, *supra*, y Hernández Colón, *op. cit.*, Sec. 1705, pág. 195. También es posible adelantarle a las partes una copia del escrito por correo certificado o electrónico, previo a la presentación del mismo y luego

enviarle la carátula ponchada.  <u>Soto Pino v. Uno Radio Group</u>, *supra*.**21**

### F. Aplicación Retroactiva o Prospectiva de Nuestras Determinaciones

Como norma general, nuestras decisiones tienen efecto retroactivo.  <u>Datiz v. Hospital Episcopal</u>, 163 DPR 10 (2004); <u>Rexach Const. Co., Inc. v. Mun. de Aguadilla</u>, 142 DPR 85 (1996).  No obstante, en el ejercicio de nuestra discreción judicial, hemos emitido opiniones con efecto prospectivo en consideración a las circunstancias fácticas del caso, la justicia, la equidad, la mejor convivencia social o para evitar dislocaciones severas en nuestro sistema económico. <u>López v. Porrata Doria</u>, 169 DPR 135 (2006); <u>Isla Verde Rental v. García</u>, 165 DPR 499 (2005); <u>Rexach Const. Co., Inc. v. Mun. de Aguadilla</u>, *supra*.  También, por consideraciones de política pública y orden social, podemos limitar la aplicación de nuestras determinaciones para que, por ejemplo, no se afecten aquellas sentencias que hayan advenido finales y firmes. <u>Banco Santander de Puerto Rico v. Correa García</u>, 2016 TSPR 201, 196 DPR ___ (2016).

En esa línea, hemos enumerado los criterios a considerar al momento de disponer si un nuevo precedente tendrá aplicación retroactiva o prospectiva, a saber: (1) la

---

**21**    Ahora bien, debemos advertir que, conforme a lo resuelto en <u>*In re* Hernández Vargas</u>, 116 DPR 689 (1985), "[l]a notificación a la otra parte de un escrito que no se presente al tribunal puede implicar una sanción disciplinaria contra el abogado". Hernández Colón, *op. cit.*, Sec. 1609, pág. 191.

confianza depositada en la antigua norma o precedente; (2) el propósito que persigue la nueva regla para determinar si su retroactividad lo adelanta, y (3) el efecto de la nueva medida en la administración de la justicia. Banco Santander de Puerto Rico v. Correa García, *supra*; Fraguada Bonilla v. Hosp. Aux. Mutuo, 186 DPR 365 (2012); Isla Verde Rental v. García, *supra*; Datiz v. Hospital Episcopal, *supra*; Rexach Const. Co., Inc. v. Mun. de Aguadilla, *supra*.

Así, por ejemplo, en Febles v. Romar, 159 DPR 714 (2003); Sucn. Salvador Jiménez v. Pérez, 153 DPR 527 (2001), y Lagares v. E.L.A., *supra*, establecimos que una nueva norma puede tener efecto prospectivo cuando impone un requisito de cumplimiento estricto.

Sin embargo, cuando se trata de una exigencia jurisdiccional, que nace de una disposición clara y libre de ambigüedad, la determinación no puede limitarse a una aplicación prospectiva. COSVI v. CRIM, *supra*; Shell v. Srio. Hacienda, *supra*.

**III**

**A. Término para Notificar un Memorando de Costas**

Con el fin de auscultar la naturaleza del término dispuesto para notificar un memorando de costas, en primer lugar, debemos evaluar si la letra de la ley es clara y, a su vez, es cónsona con otras disposiciones pertinentes para, de este modo, obtener un resultado coherente, armonioso y prudente. De contestar en la afirmativa, nuestra encomienda interpretativa concluye, ya que no podemos añadirle a un

estatuto significados adicionales o alternos que no surgen de éste.

La Regla 44.1(b) establece claramente que, para poder conceder las costas, la parte prevaleciente **presentará y notificará** un memorando dentro del término de diez (10) días de archivada la sentencia. Es decir, para que este trámite quede perfeccionado, se tiene que cumplir oportunamente con **ambos** requisitos, a saber: presentar el memorando de costas ante el tribunal y notificarlo a las demás partes. Se trata de dos (2) actos separados que tienen que realizarse dentro de un mismo plazo.

Lo anterior debe analizarse en conjunto con la Regla 68.2 en tanto y en cuanto dispone **expresamente que <u>no</u> se pueden prorrogar** los plazos para actuar bajo la Regla 44.1. Así pues, una lectura integral de ambas reglas nos lleva a concluir que el **término de diez (10) días para presentar y notificar un memorando de costas es igualmente jurisdiccional** y, consecuentemente, improrrogable, fatal e insubsanable. No existe excepción alguna en ninguna de estas dos (2) disposiciones que exima a las partes de su fiel cumplimiento. De ninguna manera puede interpretarse que estas reglas son sugestivas, directivas o prorrogables, por lo que su acatamiento no queda a discreción de los litigantes ni del tribunal.[22]

---

[22] Nótese que las Reglas 44.1 y 68.2 operan en armonía con lo dispuesto en la Regla 67.1 de Procedimiento Civil, 32 LPRA Ap. V (2010). Así pues, un memorando de costas se tiene que **notificar oportuna** y **simultáneamente** a las partes **el mismo día** en que se sometió al tribunal.

Ante la expresión clara del legislador, las citadas disposiciones reglamentarias no permiten otra posible interpretación. En estas circunstancias, se torna innecesario realizar un ejercicio de análisis comparativo con otras reglas procesales análogas.

Ahora bien, tanto el Tribunal de Apelaciones como la Recurrida, destacaron que existía una distinción pertinente entre los incisos (b) y (c) de la Regla 44.1. Esta diferencia estriba en que el inciso (c) contiene la palabra "jurisdiccional", mientras que el inciso (b) no la menciona. Coligieron que, bajo el inciso (c), el legislador dispuso que el término para notificar un memorando de las costas incurridas a nivel apelativo es jurisdiccional, mientras que, bajo el inciso (b), el plazo para notificar un memorando de los gastos incurridos en el foro primario debe ser prorrogable. Sus argumentos no nos convencen.

Debemos aclarar que no es menester que se consigne específicamente la palabra "jurisdiccional" para establecer que un término es improrrogable, fatal e insubsanable. Como adelantáramos, la naturaleza jurisdiccional de un requisito procesal puede desprenderse de la letra clara de la ley o por implicación necesaria e inequívoca de la misma. En este caso, ésta surge expresamente de la Regla 68.2. En ausencia de alguna disposición en contrario, los plazos bajo la Regla

44.1(b) son jurisdiccionales.**23**      Erró el Tribunal de

Apelaciones al determinar lo contrario.**24**

Por otro lado, la señora Rosario argumentó que la

oposición del Gobierno fue inoportuna por haberse presentado

luego de expirado el plazo de diez (10) días para impugnar las

costas, según establecido en la Regla 44.1(b).**25** No obstante,

como veremos, el propio *Memorando de Costas* fue notificado

fuera de término y, por lo tanto, no quedó perfeccionado.

Consecuentemente, cualquier objeción que tuviera el Gobierno

en cuando a las partidas de gastos reclamadas se tornó

académica e innecesaria.   Sin embargo, le correspondía al

Tribunal de Primera Instancia atender, inicialmente y con

prioridad, el planteamiento jurisdiccional levantado por el

Peticionario.

En esa línea, la Recurrida arguyó que el Gobierno

renunció a su objeción sobre la notificación fuera de término

del *Memorando de Costas* al no discutirlo suficientemente ante

el foro primario.   Por lo cual, entendió que el Peticionario

no podía levantar ese asunto jurisdiccional en alzada.

Como norma general, un tribunal revisor no debe atender

cuestiones que no fueron planteadas ante el foro primario.

---

**23**      Nótese que la Regla 68.2 establece que son improrrogables los términos dispuestos en las Reglas 43.1, 44.1, 47, 48.2, 48.4, 49.2 y 52.2 de ese mismo cuerpo de reglas.   No obstante, algunas de éstas contienen excepciones a la naturaleza perentoria del precepto.   Por ejemplo, la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V (2010), dispone expresamente que el plazo para notificar una moción de reconsideración es de cumplimiento estricto.   Por su parte, la Regla 44.1 no contiene ese tipo de excepción.

**24**      Aclaramos que la ausencia de perjuicio para la otra parte no tiene el efecto de subsanar el incumplimiento con un requisito jurisdiccional.   Éstos son fatales e irremediables, por lo que las partes deben cumplir con ellos indistintamente del efecto, si alguno, que pueda tener su inobservancia.

**25**      Coincidimos con la señora Rosario en cuanto a que la *Oposición a Memorando de Costas* no fue presentada oportunamente.

E.L.A. v. Northwestern Selecta, 185 DPR 40 (2012). Ahora bien, primeramente aclaramos que el Gobierno, en efecto, presentó este señalamiento ante el Tribunal de Primera Instancia. Además, y más importante aún, al tratarse de un asunto jurisdiccional, podía levantarse en cualquier etapa de los procedimientos, incluso en la apelativa y por el tribunal *motu proprio*. Por lo tanto, no hay obstáculo que nos impida, como foro revisor, atender en esta etapa el asunto jurisdiccional planteado por el Peticionario.

En el caso de marras, el foro primario dictó Sentencia el 27 de enero de 2014, la cual se notificó el 4 de febrero de 2014. Por lo tanto, el término jurisdiccional de diez (10) días para **presentar y notificar** el *Memorando de Costas* venció el 14 de febrero de 2014. A pesar de que el *Memorando de Costas* de la señora Rosario arribó oportunamente por correo al foro primario el 10 de febrero de 2014, no se le notificó al Gobierno hasta el 25 de febrero de 2014. Consecuentemente, se incumplió con el requisito jurisdiccional de notificación de diez (10) días, según establecido en nuestro ordenamiento procesal, para poder conceder las costas.

Debido a que los tribunales carecemos de discreción para prorrogar los términos bajo la Regla 44.1, el foro primario no tenía autoridad para atender el *Memorando de Costas* por éste haber sido notificado por la Recurrida fuera del término jurisdiccional para ello.

### B. Aplicación Retroactiva o Prospectiva

Por último, debemos resolver si nuestra determinación debe tener efecto retroactivo o prospectivo. La señora

Rosario alegó que la ausencia de un precedente sobre este asunto creó una incertidumbre en cuanto a la naturaleza del plazo en cuestión. Propuso que, del Tribunal determinar que el término es de cumplimiento estricto, el presente dictamen judicial sea aplicado prospectivamente.[26]

Anteriormente, hemos aplicado de manera prospectiva nuevas normas que, a su vez, constituyen requisitos de cumplimiento estricto. Febles v. Romar, *supra*; Lagares v. E.L.A., *supra*. No obstante, cuando estamos ante una exigencia jurisdiccional que nace de una disposición clara y libre de ambigüedad, no procede aplicarla prospectivamente. COSVI v. CRIM, *supra*; Shell v. Srio. Hacienda, *supra*. Ante la letra clara de las Reglas 44.1 y 68.2 en cuanto a la naturaleza jurisdiccional del término para notificar un memorando de costas, no hay cabida para la aplicación prospectiva de esta determinación.[27] Además, debemos aclarar que la presente Opinión no tiene el propósito de desplazar una antigua norma de derecho ni establecer una nueva. Meramente nos limitamos a explicar el estado de derecho vigente. En consecuencia, resolvemos que lo aquí expuesto tiene efecto **retroactivo**.[28]

**IV**

---

[26]  Nótese que, para extender los términos de cumplimiento estricto y los prorrogables, la parte promovente tiene que satisfacer a cabalidad lo dispuesto en la Regla 68.2. Véase a Hernández Colón, *op. cit.*, Secs. 1803-1804a, págs. 199-202. Es decir, tiene que solicitar una prórroga y acreditar la existencia de justa causa. En el presente caso, la señora Rosario no cumplió con ninguna de estas exigencias.

[27]  El hecho de que no existiera un precedente específico sobre este asunto previo a esta Opinión, no tiene el efecto de desvanecer un requisito jurisdiccional establecido en nuestras reglas procesales.

[28]  Excluidos, claro está, aquellos asuntos que hayan advenido ya finales y firmes.

De la discusión que antecede, se desprende que el Tribunal de Apelaciones erró al determinar que el término de diez (10) días para notificar un memorando de costas a las demás partes no era jurisdiccional. Concluimos que dicho plazo es de naturaleza jurisdiccional y su incumplimiento privó al foro primario de autoridad para atender dicho escrito.

**V**

A base de lo anterior, se revoca la Sentencia del Tribunal de Apelaciones de 30 de junio de 2014. Por lo tanto, no proceden las partidas reclamadas por la Recurrida en el *Memorando de Costas* por éste haber sido notificado fuera de término.

Se dictará Sentencia de conformidad.

ROBERTO FELIBERTI CINTRÓN
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Tania L. Rosario Domínguez *et als*.<br><br>Recurridos<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico *et al*.<br><br>Peticionarios | AC-2014-0074 | *Certiorari* |

SENTENCIA

En San Juan, Puerto Rico, a 31 de mayo de 2017.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se revoca la Sentencia del Tribunal de Apelaciones de 30 de junio de 2014. Por lo tanto, no proceden las partidas reclamadas por la parte recurrida en el *Memorando de Costas* por éste haber sido notificado fuera de término.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez emitió una Opinión Concurrente a la que se unieron la Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Colón Pérez.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Tania L. Rosario Domínguez
y otros

    Recurridos

       v.

                          AC-2014-0074

Estado Libre Asociado de
Puerto Rico y otros

    Peticionarios

Opinión concurrente emitida por la Jueza Presidenta Oronoz Rodríguez a la cual se unen la Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Colón Pérez

En San Juan, Puerto Rico, a 31 de mayo de 2017.

La Opinión mayoritaria resuelve que la notificación del memorando de costas a las demás partes, dentro de un término de diez días, es un requisito jurisdiccional. Reconozco que esa es una lectura razonable de la Regla 68.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 68.2. No obstante, consideraciones históricas y de hermenéutica me mueven a concluir que la Regla no tiene tal alcance. Así, sostengo que la notificación debe ser un requisito de cumplimiento estricto, sin el automatismo atado a los términos jurisdiccionales.

I

La controversia de este caso es una de intención y claridad. La Opinión mayoritaria cita correctamente

nuestra jurisprudencia sobre los términos jurisdiccionales, particularmente aquella ocasión que expresamos que "[d]ebido a las graves consecuencias que acarrea el determinar que un término es de naturaleza jurisdiccional, hemos expresado que **debe surgir claramente la intención del legislador de imponerle esa característica al término**". Cruz Parilla v. Depto. Vivienda, 184 DPR 393, 403-404 (2012) (énfasis suplido). Establecido lo anterior, el problema no es cuál doctrina o jurisprudencia rige esta controversia, sino dónde podemos encontrar esa **intención clara** del legislador.

Los jueces que componen la mayoría encuentran esa intención en el texto. Argumentan que cuando la Regla 68.2 de Procedimiento Civil establece que **los plazos para actuar** bajo las disposiciones de las Reglas 43.1 (enmiendas o determinaciones iniciales o adicionales), **44.1** (memorando de costas), 47 (reconsideración), 48.2 (nuevo juicio), 48.4 (nuevo juicio a iniciativa del tribunal), 49.2 (relevo de sentencia) y 52.2 (apelación, *certiorari* y certificación) **son improrrogables**, esto incluye –para fines del memorando de costas– tanto la presentación como la notificación. Por consiguiente, como el requisito de notificación del memorando de costas está incluido en la Regla 44.1, ese requisito también es jurisdiccional.

Considero que esta lectura textualista, apoyada metodológicamente en el Artículo 14 del Código Civil, 31 LPRA sec. 14, le atribuye al "legislador" la intención

expresa, clara y libre de ambigüedades de que la notificación del memorando de costas también sea improrrogable.[29] Estimo que otras metodologías hermenéuticas ponen en duda que la "clara intención del legislador" era que el término de notificar el memorando de costas también fuese jurisdiccional.[30] A continuación, discutiré brevemente cada una de estas perspectivas.

## A. Perspectiva histórica

De un trasfondo histórico de la Regla 68.2 se desprende que no está claro que la intención era que la notificación del memorando de costas fuese jurisdiccional. Al aprobarse las Reglas de Procedimiento Civil en 1958 se utilizaron como referente las Reglas de Procedimiento Civil federal vigentes en ese momento. Así, la Regla 68.2 de 1958, virtualmente idéntica a la actual Regla 68.2, siguió como modelo la Regla 6(b) federal. La Regla 68.2 disponía:

> Cuando por estas reglas o por una notificación dada en virtud de sus disposiciones, o por una orden del tribunal se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción, (1) previa moción o notificación o sin ellas, ordenar que se prorrogue el término si así se solicitare antes de expirar el término originalmente prescrito o según prorrogado por orden anterior, o (2) a virtud de moción presentada después de haber expirado el plazo especificado, permitir que el acto se realice si la omisión se debió a negligencia excusable, pero no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas 43.2

---

[29] Como veremos más adelante, fue este Tribunal quien incorporó la Regla de memorando de costas a la Regla 68.2. Que el legislador haya aprobado esta enmienda no quita que resulte problemático atribuirle la intención a la Asamblea Legislativa.

[30] Para un resumen breve de estas metodologías véase José Trías Monge, Teoría de Adjudicación, San Juan, Ed. de la Universidad de Puerto Rico, 2008, págs. 413-419.

[enmiendas a las determinaciones del tribunal], 47 [reconsideración], 48.2 [nuevo juicio], 48.4 [nuevo juicio a iniciativa del tribunal], 49.2 [relevo de sentencia], 53.1 [presentación de apelación, recurso de revisión y certificación] y 53.3 [requisitos y notificación del recurso de revisión], excepto al extremo y bajo las condiciones en éstas prescritos. Regla 68.2 de Procedimiento Civil de 1958.

Ésta reconocía, como norma general, que el tribunal tenía discreción para prorrogar un término si existía justa causa. Como excepción a lo anterior, ciertas reglas tendrían carácter improrrogable, de modo que su **inclusión** al final de la Regla implicaba que eran **excluidas de la norma general**.

Ahora bien, conviene resaltar que las Reglas 43.2, 47, 48.2, 49.2 y 53.1 solo requerían la **presentación** de los recursos dentro de un determinado plazo, no su notificación a las demás partes. El requisito de notificación surgía, más bien, de la Regla 67.1 de Procedimiento Civil de 1958 ("toda moción escrita que no pueda ser oída ex parte, se notificará[] a cada una de las partes afectadas por las mismas"). Por otro lado, la única Regla que requería expresamente la notificación disponía: "El recurrente notificará la presentación de la solicitud de revisión a todas las partes contrarias, dentro del término para solicitar dicha revisión, en la forma prescrita en la Regla 67". Regla 53.3 de Procedimiento Civil de 1958. Por consiguiente, el efecto de la Regla 68.2 era que la **presentación** de ciertas solicitudes, **no la notificación**, tuvieran carácter jurisdiccional. La única excepción a lo

anterior era la Regla 53.3, la cual regulaba la solicitud de revisión ante un foro apelativo.

Por otro lado, llama la atención que en sus inicios la Regla 68.2 no incluía la presentación del memorando de costas, mucho menos su notificación. Esto, a pesar de que su concesión y procedimiento estaban recogidos en la entonces Regla 44.4 de Procedimiento Civil de 1958 ("La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de 10 días contados a partir del archivo en autos copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios incurridos durante la tramitación del pleito o procedimiento").

Posteriormente, en 1958 y 1960, se celebraron la Primera y la Segunda Conferencia Judicial de Puerto Rico. En éstas el Comité de Procedimiento Civil discutió varias enmiendas a las Reglas de Procedimiento Civil recién constituidas. No obstante, en el *Segundo Informe del Comité de Procedimiento Civil al Hon. Tribunal Supremo*, con fecha de 8 de octubre de 1960, la enmienda propuesta a la Regla 68.2 no sugería incluir la Regla 44.4, es decir, la Regla sobre el memorando de costas. Fue este Tribunal quien, mediante Resolución del 24 de enero de 1961, decidió incluir el memorando de costas (44.4) a las excepciones establecidas en la Regla 68.2. No obstante, este Tribunal no se  expresó

sobre si la notificación requerida por la Regla 44.4 también tendría carácter improrrogable.

Mediante la Resolución de este Tribunal, se añadió la Regla de memorando de costas a la lista de actos ante el foro primario que no pueden ser prorrogados. Esta lista incluía las solicitudes de enmiendas a las determinaciones del tribunal, reconsideración, nuevo juicio y relevo de sentencia. Según vimos, la Regla 68.2 solo tenía el efecto de hacer improrrogable los términos para presentar esas mociones ante el foro primario, pues las notificaciones no eran requeridas. En cambio, las Reglas sobre recursos ante los tribunales apelativos tenían oraciones que establecían con mayor claridad el requisito de notificación.

Con lo anterior pretendo resaltar que no está claro si, al incluir la Regla 44.4 a la Regla 68.2 en el 1961, pretendíamos establecer de forma expresa y libre de ambigüedades que la notificación del memorando de costas era también un requisito jurisdiccional. En ausencia de tal claridad, me parece problemático recurrir al Artículo 14 del Código Civil, _supra_, para concluir —mediante una lectura textualista— que la clara intención del legislador era que tanto la presentación como la notificación tuvieran carácter jurisdiccional. Si bien la disposición de memorando de costas requería tanto la presentación como la notificación, lo cierto es que el alcance principal de la Regla 68.2 era que la presentación —no la notificación— de ciertas solicitudes al tribunal fueran improrrogables.

B. Perspectiva analógica y sistemática

Un análisis histórico de la Regla 68.2 no ofrece una respuesta evidente sobre cuál fue la intención de este Tribunal al incluir la Regla de memorando de costas, específicamente en cuanto a su notificación a las demás partes. Sin embargo, resulta interesante que -al momento de adoptarse la Regla 68.2- solo era improrrogable la presentación de las mociones al foro primario, no la notificación. Dicha distinción se mantiene actualmente, salvo por lo resuelto hoy por este Tribunal. Así ocurre con las solicitudes de enmiendas o determinaciones iniciales o adicionales (Regla 43.1), reconsideración (Regla 47), nuevo juicio (Regla 48.2) y relevo de sentencia (Regla 49.2). Reglas 43.1, 47, 48.2 & 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 43.1, 47, 48.2 y 49.2.

Cónsono con lo anterior, lo más coherente sería que la notificación del memorando de costas también sea un requisito de cumplimiento estricto. Reconozco que hay diferencias entre estas Reglas,[31] pero mediante una interpretación analógica podemos cuestionar nuevamente que la intención clara fuese que la notificación del memorando de costas sea un requisito jurisdiccional. De hecho, una lectura sistemática o integrista sugiere que lo más armonizable con nuestro ordenamiento procesal es que la notificación del memorando de costas sea meramente un

---

[31] Por ejemplo, las Reglas 43.1 y 47 disponen expresamente que la presentación es un requisito jurisdiccional, mientras que la notificación es un requisito de cumplimiento escrito. Por otro lado, las Reglas 48.2 y 49.2 solo establecen un término para presentar las solicitudes. Estos términos son jurisdiccionales por virtud de la Regla 68.2. A su vez, no exigen su notificación, la cual es requerida por virtud de la Regla 67, 32 LPRA Ap. V, R. 67. De tal modo, la Regla 44.1 de memorando de costas es la única que incluye expresamente su presentación y notificación.

requisito de cumplimiento estricto. Esto, pues, no hay justificación alguna para distinguir el memorando de costas de las demás solicitudes que se presentan ante el Tribunal de Primera Instancia y cuya notificación es de cumplimiento estricto.

### C. Perspectiva teleológica

Por otro lado, conviene analizar cuál propósito -si alguno- justifica otorgar carácter jurisdiccional a la notificación del memorando de costas. Hemos expresado que la concesión de costas tiene un carácter reparador para la parte prevaleciente, pues su derecho "no debe quedar menguado por los gastos que tuvo que incurrir sin su culpa y por culpa del adversario". J.T.P. Dev. Corp. v. Majestic Realty Corp., 130 DPR 456, 460 (1992). De ahí que la imposición de costas a favor de la parte victoriosa sea mandatoria, siempre y cuando cumpla con los requisitos procesales. Maderas Tratadas v. Sun Alliance, 185 DPR 880, 926 (2012).

A mi juicio, establecer como requisito jurisdiccional la notificación del memorando de costas no adelanta los propósitos antes mencionados. Al contrario, su consecuencia es eliminar la facultad del tribunal de otorgar las costas -cuya función es reparadora- si no se notificó en ese término. De modo que la interpretación del Tribunal

dificulta innecesariamente la concesión de costas en nuestro ordenamiento.

En síntesis, la postura mayoritaria se ampara del requisito dual de la Regla 44.1 y de la Regla 68.2 para establecer que la notificación también es jurisdiccional. A mí, en cambio, me resulta problemático aceptar tal conclusión. Considero que una lectura histórica, integral y funcional de las Reglas de Procedimiento Civil y nuestra flexibilidad con respecto a las notificaciones, nos invitaban a apartarnos del automatismo asociado a los requisitos jurisdiccionales. Por consiguiente, resolvería que solo la presentación del memorando de costas tiene carácter jurisdiccional.

## II

Por otra parte, me preocupa que el Tribunal otorgue carácter retroactivo a la norma adoptada. No me convence la postura de que la "disposición es clara y libre de ambigüedad" y que el análisis se limita a "explicar el estado de derecho vigente".[32] Todo lo contrario. La Opinión mayoritaria **establece** un requisito jurisdiccional nuevo en nuestro ordenamiento, a pesar de que las normas reglamentarias aplicables han permanecido prácticamente inalteradas por cincuenta y seis años. Es decir, desde 1961 podíamos resolver que la notificación del memorando de costas a la otra parte era un requisito jurisdiccional. Sin embargo, no lo hicimos. Además, ninguno de los académicos consultados ha caracterizado la

---

[32] Opinión mayoritaria, pág. 26.

**notificación** del memorando de costas como un requisito jurisdiccional.[33]

Otro factor que contribuye a la falta de claridad en la norma es que la Regla 44.1(c) dispone expresamente que es jurisdiccional tanto la presentación como la notificación del memorando de costas cuando la parte prevalece por orden del **tribunal apelativo.** Regla 44.1(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1(c) ("La parte a cuyo favor un tribunal apelativo dicte sentencia presentará en la sala del Tribunal de Primera Instancia que decidió el caso inicialmente y notificará a la parte contraria, **dentro del término jurisdiccional** de diez (10) días contados a partir de la devolución del mandato . . .".) (énfasis suplido).[34] En cambio, la Regla 44.1(b), supra, pertinente a esta controversia, simplemente requiere "presentar[] al tribunal y notificar[] a la parte contraria, dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia". Dicho de otro modo, según la Regla 44.1, la notificación solo deberá ser

---

[33] Véanse J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Pubs. J.T.S., 2011, T. V, pág. 1908 (reconociendo como jurisdiccional la presentación del memorando de costas); R. Hernández Colón, Práctica jurídica de Puerto Rico: Derecho Procesal Civil, 5ta ed., San Juan, Ed. LexisNexis, 2010, sec. 1804, pág. 201 (donde se presenta una lista de términos improrrogables y se incluye la presentación del memorando de costas, mas no la notificación); J. Echevarría Vargas, Procedimiento Civil Puertorriqueño, Colombia, [s. Ed.], 2010, pág. 333 (incluyendo solo la presentación del memorando de costas, no la notificación, dentro de la lista de términos improrrogables); C.R. Urrutia de Basora & L.M. Negrón Portillo, Reglas de Procedimiento Civil de Puerto Rico: Preguntas y Respuestas, Ed. Situm, 2005, pág. 340 ("¿en cuáles reglas específicas el tribunal no podrá prorrogar o reducir el plazo para actuar? . . . regla 44.1 (presentación u oposición del memorando de costas)").

[34] Véase Ley Núm. 249-1995 (donde se enmendó la Regla de memorando de costas para atemperarla a la creación del tribunal apelativo intermedio y se aclaró que la presentación y notificación del memorando de costas, luego de la revocación del foro apelativo, sería jurisdiccional).

un requisito jurisdiccional en casos donde la parte prevalezca por virtud de una sentencia del tribunal apelativo.

Por todo lo anterior, me parece erróneo otorgarle carácter retroactivo bajo el pretexto de que el Tribunal se limita a explicar una norma clara y libre de ambigüedades.

## III

Ahora bien, como bien señala la Opinión mayoritaria, aun si fuéramos a resolver que el término es uno de cumplimiento estricto, la parte recurrida no presentó justa causa para notificar fuera del término. Presentó el memorando el 5 de febrero de 2014, pero no fue hasta el 25 de febrero de 2014 que notificó el mismo a la parte contraria. Como justificación se limitó a expresar que fue una inadvertencia, producto de su carga de trabajo antes de salir de viaje fuera de Puerto Rico. Esto no constituye justa causa. Por lo tanto, la recurrida no cumplió con el requisito de notificación de cumplimiento estricto. En consideración a lo anterior, concurro con el resultado alcanzado por este Tribunal.

## IV

Al igual que la Opinión mayoritaria revocaría el dictamen recurrido, pero por los fundamentos anteriormente expuestos.

Maite D. Oronoz Rodríguez
Jueza Presidenta