ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| JOEL HERNÁNDEZ DÍAZ Y CLARITZA IVETTE RUÍZ MEDINA<br><br>APELADOS<br><br>V.<br><br>LCDO. FERNANDO L. MELÉNDEZ LÓPEZ, COMAS Y REVUELTA PSC<br><br>APELANTES | KLAN202300979 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Bayamón<br><br>Caso Núm. BY2022CV03336<br><br>Sala: 505<br><br>Sobre:<br><br>CUMPLIMIENTO ESPECIFICO, DAÑOS E INCUMPLIMIENTO DE CONTRATO |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de diciembre de 2023.

El Lcdo. Fernando L. Meléndez López (en adelante, el Lcdo. Meléndez o el demandado-apelante) comparece ante este Tribunal por sí, y en representación legal del bufete Comas & Revueltas, mediante un recurso de apelación. Solicita la revisión de la *Sentencia* emitida el 15 de octubre de 2023 por el Tribunal de Primera Instancia, Sala de Bayamón (en adelante, TPI). En la referida *Sentencia* el TPI declaró con lugar la *Moción en Cumplimiento de Orden "Mostrando Causa" y en Solicitud de Orden Sobre Desistimiento R. 39.1* y denegó la *Solicitud de Imposición de Costas y Honorarios de Abogado por Temeridad.*

Examinado el recurso ante nuestra consideración, se *confirma* la *Sentencia* recurrida.

**I.**

El 29 de junio de 2022, el Sr. Joel Hernández Diaz y la Sra. Claritza Ivette Ruiz Medina presentaron una *Demanda* contra el Lcdo. Meléndez, el Lcdo. Manuel Reyes González, el bufete Comas & Revuelta PSC, el Colegio de Abogados y la Fianza Notarial, Centurion Insurance, Multiples

Mortgage y Cooperativa de Ahorro y Crédito Cupey Alto. En dicha demanda solicitaron el resarcimiento de unos alegados daños sufridos como consecuencia de no haber logrado inscribir un bien inmueble en el Registro de la Propiedad.[1]

Luego de varios trámites procesales, el 2 de agosto de 2023 se sometió, y el TPI acogió, un acuerdo transaccional mediante el cual la parte demandante desistió con perjuicio de la demanda contra todos los demandados, excepto contra el Lcdo. Meléndez y el Bufete Comas & Revueltas, PSC.[2] Sin embargo, para el 3 de octubre de 2023 la parte demandante-apelada igualmente solicitó el desistimiento en cuanto al Lcdo. Meléndez y el Bufete Comas & Revueltas, PSC, y solicitó que se autorizara sin imposición de costas, gastos ni honorarios.[3] Ante esto, el Lcdo. Meléndez presentó una solicitud de imposición de costas, gastos y honorarios el 9 de octubre de 2023 por entender que la parte demandante había prolongado el pleito innecesariamente.[4]

Con ambos escritos ante su consideración, el TPI dictó sentencia el 15 de octubre de 2023, y fue notificada al día siguiente, en la cual autorizó el desistimiento de la parte demandante-apelada sin imposición de costas, gastos ni honorarios.[5] Inconforme con el dictamen del TPI, el apelante presentó ante este Tribunal un recurso de apelación el 2 de noviembre de 2023, mediante el cual solicitó que enmendemos la *Sentencia* recurrida para que se incluya la imposición de costas, gastos y honorarios por entender que la parte demandante-apelada actuó temerariamente al instar un pleito frívolo. Como resultado, alega la comisión del siguiente error:

> Erró el Honorable TPI al no imponer a la parte demandante-apelada el pago de costas, gastos ni honorarios de abogado a favor de la parte demandada-apelante.

La parte demandante-apelada presentó de manera oportuna su alegato en oposición el 4 de diciembre de 2023. Con el beneficio de su comparecencia, procedemos a resolver.

---

[1] Apéndice del recurso de apelación, anejo núm. 1, pág. 1-4.
[2] Apéndice del recurso de apelación, anejo núm. 13, pág. 80-94.
[3] Apéndice del recurso de apelación, anejo núm. 17, pág. 102-112.
[4] Apéndice del recurso de apelación, anejo núm. 18, pág. 113-121.
[5] Apéndice de recurso de apelación , anejo núm. 20, pág. 123.

**II.**

*A. Costas y honorarios de abogado por temeridad*

En nuestro ordenamiento los gastos asociados al litigio se distinguen entre costas y honorarios. En cuanto a las costas la Regla 44.1 (a) de Procedimiento Civil, 32 LPRA Ap. V., dispone que se concederán a la parte a cuyo favor se resuelva el pleito, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que concederá el tribunal son los gastos necesarios y razonables que tuvo que incurrir la parte prevaleciente del pleito en su tramitación. *Rosario Domínguez v. ELA*, 198 DPR 197 (2017). La Regla 44.1 (b) dispone que la parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de 10 días a partir del archivo en autos de copia de la notificación de la sentencia, un memorándum, rendido bajo juramento o certificación del abogado, de todas las partidas de gastos y desembolsos necesarios en que se incurrió durante la tramitación del pleito.

Como es sabido los honorarios de abogados no forman parte de las costas anteriormente mencionadas. De ordinario cada parte se encarga de satisfacer los honorarios de su respectiva representación legal, sin embargo, la Regla 44.1 (d) de Procedimiento Civil, dispone que:

> [e]n caso que cualquier parte o su abogado haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta.

De conformidad con lo anterior, es norma reiterada que la imposición de honorarios de abogado a la parte contraria solo procede cuando una parte actúa con temeridad. Se entiende que una parte ha sido temeraria cuando obliga a la otra a incurrir en gastos innecesarios al interponer pleitos frívolos o alargar innecesariamente aquellos ya presentados ante la consideración de los tribunales, o que provoque que incurra en gestiones evitables. *Domínguez v. GA Life*, 157 DPR 690, 706 (2002). Una vez el tribunal sentenciador concluye que una parte ha sido temeraria, es imperativa la imposición de honorarios de abogado. La determinación de si

una parte ha actuado o no con temeridad descansa en la discreción del tribunal. Por lo cual, los tribunales revisores solo intervendrán con tal determinación cuando surja de tal actuación un claro abuso de discreción. *Puerto Rico Oil Company, Inc. V. Dayco Products, Inc.*, 164 DPR 486, 511 (2005)

**III.**

Según vimos, el presente recurso nos solicita que enmendemos la *Sentencia* recurrida para que incluya la imposición de costas, gastos y honorarios de abogado por temeridad, a favor de la parte demandada-apelante para compensar los alegados perjuicios económicos y molestias supuestamente causadas por las acciones de la parte demandante-apelada.

En su recurso, la parte demandada-apelante alegó que las acciones de la parte demandante-apelada fueron caracterizadas por frivolidad. Al respecto enfatizó que el TPI tuvo que sancionar a la apelada por incumplir con el Informe del Manejo del Caso, más tuvo que ordenar a la parte que proveyera fechas hábiles para una deposición, con la cual luego incumplió.[6] Además, planteó que la parte tampoco respondió al Requerimiento de Admisiones, que no cumplió con las especificaciones de las Reglas de Procedimiento Civil, 32 LPRA Ap. V., R. 36, al presentar su oposición a la moción de sentencia sumaria y que peticionó infundadamente para descalificar la representación legal del demandado-apelante.[7] Añadió que más frívolo aún fue su acto de presentar un acuerdo transaccional, esencialmente desistiendo de las causas de acción contra todas las partes indispensables, excepto contra el Lcdo. Meléndez y el Bufete Comas & Revueltas, continuando así el pleito innecesariamente.[8]

Por su parte, la demandante-apelada recalcó que ejecutó múltiples gestiones extrajudiciales con el propósito de evitar un litigio, y que no fue hasta que estas gestiones resultaron infructuosas que ejerció su derecho

---

[6] Recurso de apelación p. 8-9.
[7] Recurso de apelación p. 9-10.
[8] Recurso de apelación p. 11.

de reclamar judicialmente.[9] Además, añadió que la oferta de transacción se hizo a todas las partes y que la única razón por la cual se extendió el pleito fue porque la parte demandada-apelante rechazó la oferta y continúo radicando mociones.[10] La parte demandante también enfatizó que el corto tiempo del pleito, y el hecho de que en menos de un año ya se había logrado un acuerdo transaccional, obraba en contra de la alegación de frivolidad, por tanto, nos solicita que confirmemos el dictamen del TPI. [11]

Luego de analizadas las alegaciones de ambas partes, no identificamos fundamentos jurídicos que nos motiven a modificar la *Sentencia* recurrida. Tampoco encontramos los elementos requeridos para determinar que el foro primario actuó de forma arbitraria, caprichosa, o incurrió en craso abuso de discreción, o aplicación errónea de la ley.

Fue el foro primario quien manejó los procedimientos, quien atendió los desacuerdos entre las partes y quien tuvo conocimiento directo de los pormenores del pleito, y fue ese mismo foro quien entendió que las acciones del demandante-apelado no fueron temerarias. Por tanto, debemos otorgarle deferencia a la pericia del foro inferior en su determinación de decretar el archivo del caso, sin especial imposición de costas, gastos ni honorarios de abogado. En vista de ello, *confirmamos* la *Sentencia* recurrida.

**IV.**

Por los fundamentos esbozados *confirmamos* la *Sentencia* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[9] Alegato de la parte demandante-apelada, p. 13.
[10] Alegato de la parte demandante-apelada, p. 13-14.
[11] Alegato de la parte demandante-apelada, p. 15-16.