Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| LUIS D. VALDÉS MELÉNDEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400075 | Revisión Judicial procedente Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: PP-915-23<br><br>Sobre: Revisión Administrativa |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de febrero de 2024.

### I.

El 8 de febrero de 2024, el señor Luis D. Valdés Meléndez (señor Valdés Meléndez o recurrente), quien se encuentra confinado bajo la custodia del Departamento de Corrección y Rehabilitación (DCR), presentó, por derecho propio, un recurso de revisión judicial que tituló *Moción en solicitud de revisión sobre Resolución de remedio administrativo*. En este, solicitó que revoquemos una *Respuesta al miembro de la población correccional* emitida el 21 de noviembre de 2023 en la que la División de Remedios Administrativos del DCR (DRA-DCR) le remitió al recurrente una *Respuesta del área concernida/superintendente* emitida el 13 de noviembre de 2023 que, a su vez, resolvió que: (1) el señor Valdés Meléndez no le solicitó a la Sección Programa de Evaluación y Asesoramiento (SPEA) participar en un programa de terapias, llamado Aprendiendo a Vivir Sin Violencia; (2) el Área de Sociales de la institución penal no posee el poder de calendarizar las fechas del programa; y (3) el recurrente

será entrevistado para ser referido al Comité de Clasificación y Tratamiento.[1] En el presente recurso, el recurrente alegó que la DRA-DCR erró al resolver que no había pedido participar en el programa a la SPEA y al determinar que no tiene la potestad para calendarizar fechas del programa. A su vez, arguyó que su participación en el referido programa es requisito para cualificar a ciertos privilegios, tales como la libertad bajo palabra, cambios de custodia o programas de reinserción.

Junto al recurso, el recurrente incluyó una *Moción en solicitud de extensión de término jurisdiccional para acoger y atender este recurso* con fecha del 26 de enero de 2024 en la que informó que el 14 de diciembre de 2023 se disponía a someter el recurso, oportunamente, pero no lo hizo por no poder sufragar los costos de sellos postales debido a su capacidad de indigente. A su vez, acompaño el escrito con una *Solicitud de declaración para que se exima de pago de arancel por razón de indigencia.*

Como cuestión de umbral, debemos mencionar que la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5), le confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el propósito de lograr su más justo y eficiente despacho. Dadas las particularidades de este caso, prescindimos de la comparecencia del DCR. En adelante, pormenorizamos los hechos procesales pertinentes a la atención del recurso.

**II.**

El caso de marras tuvo su génesis el 1 de noviembre de 2023 cuando el señor Valdés Meléndez presentó una *Solicitud de remedio administrativo* ante la DRA-DCR en la que solicitó que fuera referido

---

[1] El documento se incluye en los anejos del recurso, pero no es posible precisar la fecha en la que se notificó al recurrente, debido a que no sometió el documento con la fecha de notificación.

a la SPEA para recibir las terapias Aprendiendo a Vivir Sin Violencia que ofrece dicha oficina y que se calendarizara la fecha en que comenzaría a recibirlas. En ella, alegó que su Plan Institucional de rehabilitación requería que obtuviera las terapias.

El 21 de noviembre de 2023, la DRA-DCR emitió una *Respuesta al miembro de la población correccional* en la que le remitió al recurrente la *Respuesta del área concernida/superintendente* emitida, a su vez, por el señor Doel Cruz García, Técnico de Servicios Sociopenales, el 13 de noviembre de 2023. En ella, resolvió lo siguiente:

> Tomamos conocimiento de la información expuesta por el M.P.C. Cabe señalar que el M. P. C. no ha solicitado en ningún momento la participación de este a la Sección Programa de Evaluación y Asesoramiento (S. P. E. A.). Toda vez que alegó haber hecho la petición con antelación a este Remedio. En segundo lugar, el Área de Sociales no tiene el aval de calendarizar las fechas para la participación de las Terapias de "Aprendiendo A Vivir Sin Violencia" esa la misión le corresponde al Programa. Al momento este será entrevistado para la debida complementación del informe a ser sometido para que próximamente sea debidamente referido mediante el Comité de Clasificación y Tratamiento.

Inconforme, el señor Valdés Meléndez presentó el recurso de epígrafe, firmado el 14 de diciembre de 2023, en el que le imputó al DCR la comisión de los siguientes dos errores:

> PRIMER ERROR: Erró el Sr. Doel Cruz, TSS al alegar que el MPC no ha solicitado en ningún momento la participación a la Sección Programa de Evaluación y Tratamiento (SPEA)

> SEGUNDO ERROR: Erró el Sr. Doel Cruz, TSS al indicar que el Área de Sociales no tiene el aval de calendarizar fechas para la participación de las Terapias de "Aprendiendo A Vivir Sin Violencia"

En apoyo de sus señalamientos, el recurrente adujo que el 18 de febrero de 2023 había presentado una *Solicitud de Remedio Administrativo* ante el Negociado de Rehabilitación y Tratamiento en el que solicitó beneficiarse del programa de terapias y recibió una respuesta en la que se le refirió, junto a una promesa de que se comunicarían con él sobre su interés. Por ello, argumentó que la DRA-DCR se equivocó al resolver que no había solicitado participar en el programa. Además, planteó que los Técnicos de Servicios

Sociopenales tenían la facultad para atender toda necesidad, lo cual incluía su solicitud de participar en las referidas terapias. Por último, arguyó que, si no participaba en el programa, podría perder el beneficio de ciertos privilegios como cambios de custodia, libertad bajo palabra y reinserción, entre otros.

Al igual, adjuntó a su recurso una *Moción en solicitud de extensión de término jurisdiccional para acoger y atender este recurso,* firmada el 26 de enero de 2024, en la que aceptó que radicó este recurso fuera del término provisto para ello e informó que no radicó el recurso oportunamente, puesto que no podía sufragar los costos de sellos postales debido a su capacidad de indigente. Asimismo, acompañó dicho escrito con una *Solicitud de declaración para que se exima de pago de arancel por razón de indigencia.*

Autorizamos al recurrente a representarse por derecho propio y a litigar en forma *pauperis.*

### III.

### A.

La jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". ***Shell v. Srio. Hacienda,*** 187 DPR 109, 122 (2012). Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales tienen siempre la obligación de ser celosos guardianes de su propia jurisdicción, toda vez que sin jurisdicción no están autorizados a entrar a resolver los méritos de un recurso. Íd., págs. 122-123. En consecuencia, los asuntos de jurisdicción son materia privilegiada y deben ser resueltos con preferencia. ***Fuentes Bonilla v. ELA,*** 200 DPR 364, 372 (2018). Así, cuando un tribunal no tiene autoridad para atender el recurso, solo tiene jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. ***Mun. de San Sebastián v. QMC Telecom,*** 190 DPR 652, 660 (2014).

De ordinario, la falta de jurisdicción posee las siguientes características: (1) no es susceptible de ser subsanada; (2) las partes no pueden conferírsela voluntariamente al tribunal, ni este puede arrogársela; (3) conlleva la nulidad de cualquier dictamen emitido; (4) impone a los tribunales el deber obligatorio de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro inferior; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de partes o por el propio tribunal. ***González v. Mayagüez Resort & Casino,*** 176 DPR 848, 855 (2009).

A tenor con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, R. 83, nos autoriza a desestimar un recurso por falta de jurisdicción.

**B.**

El Art. 4.002 de la Ley de la Judicatura de 2003, Ley Núm. 201-2003, según enmendada, (Ley de la Judicatura) establece que el Tribunal de Apelaciones tendrá jurisdicción y competencia para revisar "…como cuestión de derecho, las sentencias finales del Tribunal de Primera Instancia, así como las decisiones finales de los organismos y agencias administrativas y de forma discrecional cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia." 4 LPRA sec. 24u. Asimismo, el inciso (C) del Art. 4.006 de la citada Ley, dispone que este tribunal podrá revisar mediante recurso de revisión judicial las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. 4 LPRA 24y.

El recurso de revisión judicial deberá presentarse en el término jurisdiccional de treinta (30) días, a partir de la fecha del archivo en autos de la copia de la notificación del dictamen recurrido. Regla 57 del Reglamento del Tribunal de Apelaciones, *supra*, R. 57; Sección 4.2 de la Ley de Procedimiento Administrativo

Uniforme del Gobierno de Puerto Rico, Ley Núm. 38 de 30 de junio de 2017, según enmendada, (LPAU), 3 LPRA sec. 9672.

Ahora bien, ese término puede verse interrumpido, en aquellos casos en que una parte haya presentado oportunamente una solicitud de reconsideración. 3 LPRA sec. 9655. Para que la presentación sea oportuna, "[l]a parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden". Íd. La agencia tiene quince (15) días luego de haberse presentado la solicitud de reconsideración para considerarla. Íd. Si la rechaza de plano o no actúa dentro del plazo de quince (15) días, el término jurisdiccional para solicitar revisión comenzará a correr nuevamente desde que se notifique la denegatoria o desde que expiren esos quince (15) días, según sea el caso. Íd.

Por último, resulta propio mencionar que es norma reiterada que los términos jurisdiccionales son de naturaleza improrrogable, por lo que no están sujetos a interrupción o cumplimiento fuera de término. Lo anterior, independientemente de las consecuencias procesales que su expiración provoque. ***Rosario Domínguez et als. v. ELA et al.***, 198 DPR 197, 208 (2017). Como resultado, si una parte incumple con un requisito jurisdiccional, el foro carecerá de jurisdicción para evaluar la controversia ante su consideración y deberá desestimar el caso. ***COSVI v. CRIM***, 193 DPR 281, 287 (2015).

**IV.**

En el caso de marras, el señor Valdés Meléndez solicitó la revisión de una *Respuesta al miembro de la población correccional* emitida por la DRA-DCR el **21 de noviembre de 2023** en la que se le remitió al recurrente una *Respuesta del área*

*concernida/superintendente,* emitida el **13 de noviembre de 2023**, respecto a una solicitud de remedio administrativo que promovió con el fin de beneficiarse de unas terapias ofrecidas por la SPEA. Según el recurrente, la DRA-DCR le denegó su participación en el programa, lo cual afectaría su capacidad de cualificar para ciertos privilegios. No obstante, según se desprende de la determinación, no se trató de una denegatoria del beneficio, puesto que únicamente se le informó que no había hecho una solicitud ante la SPEA y que el área concernida no tenía el poder para calendarizar su participación. Más aún, se le comunicó que sería entrevistado para la preparación de un informe con el fin de ser referido correctamente al Comité de Clasificación y Tratamiento.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, resulta imperativo resolver que no ostentamos jurisdicción para atender el recurso presentado porque su presentación fue tardía. Los siguientes datos fundamentan nuestra determinación: (1) la *Respuesta al miembro de la población correccional* emitida por la DRA-DCR tiene fecha del **21 de noviembre de 2023**; (2) la *Respuesta del área concernida/superintendente* contenida en la determinación de la DRA-DCR tiene fecha del **13 de noviembre de 2023**; (3) el recurso fue recibido en la Secretaría de este Tribunal el **8 de febrero de 2024**; y (4) el recurso recibido consiste de una *Moción en solicitud de revisión sobre Resolución de Remedio administrativo* firmada el 14 de diciembre de 2023 y de una *Moción en solicitud de extensión de término jurisdiccional para acoger y atender este recurso* firmada el **26 de enero de 2024**. En esta última, el recurrente admitió que el 14 de diciembre de 2023 se disponía a someter el recurso, pero no lo hizo. De esta forma, tomando el 21 de noviembre de 2023 como el punto de comienzo del término de treinta (30) días para solicitar

revisión judicial, el recurso fue presentado tardíamente. Esta realidad nos priva de asumir jurisdicción sobre el recurso.

A la luz de lo esbozado, corresponde desestimar el recurso de epígrafe por falta de jurisdicción, toda vez que fue presentado de forma tardía.

**V.**

Por los fundamentos pormenorizados, se *desestima* el recurso de epígrafe, por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Sánchez Ramos concurre con la determinación de desestimar el recurso de referencia. Ello porque el recurrente no acreditó que la agencia recurrida haya emitido una decisión final. La "respuesta" de un(a) Evaluador(a) no es una decisión final que pueda ser objeto de revisión ante este Tribunal. La reglamentación pertinente contempla que el confinado solicite la revisión de dicha respuesta a un(a) "Coordinador(a)". Es luego de obtener la decisión del (o la) Coordinador(a), que el confinado habrá agotado los remedios administrativos a su disposición y habrá obtenido una decisión final de la agencia, capaz de revisarse por este Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones