ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido<br><br>V.<br><br>MICHAEL MORALES OJEDA<br><br>Recurrente | KLRA202400666 | Revisión Administrativa procedente del Centro de Detención del Oeste, Mayagüez<br><br>Núm. Querella: 315-24-41<br><br>Sobre: Querella disciplinaria |
|---|---|---|

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Salgado Schwarz y el juez Monge Gómez

**Figueroa Cabán, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 19 de diciembre de 2024.

Comparece el señor Michael Morales Ojeda, en adelante el señor Morales o el recurrente, quien solicita que revisemos la *Resolución* de una vista celebrada el 30 de agosto de 2024, que fue emitida el 11 de septiembre de 2024 y notificada el día 12 del mismo mes y año. Mediante la misma, el Centro de Detención del Oeste del Departamento de Corrección y Rehabilitación, en adelante el DCR o el recurrido, reafirmó la sanción impuesta al recurrente.

Conforme la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, este Tribunal puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos … [ello] con el propósito de lograr su más justo y eficiente

despacho…".[1] En consideración a lo anterior, eximimos al DCR de presentar su alegato en oposición.

Por los fundamentos que expondremos a continuación, se confirma la *Resolución* recurrida.

**-I-**

Según surge del expediente, el DCR radicó un informe de querella de incidente disciplinario contra el señor Morales y luego de celebrar la vista disciplinaria, lo encontró incurso por violación del código 208 y 233 del Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional, en adelante Reglamento Núm. 9221-2020.

En desacuerdo, el señor Morales presentó una solicitud de reconsideración. En síntesis, alegó que la agencia incumplió el término reglamentario de 7 días para entregarle la *Resolución*, en contravención de lo dispuesto en la Regla 28, Acápite 2 del Reglamento Núm. 9221-2020.

El recurrido declaró no ha lugar la reconsideración y reafirmó la sanción impuesta. Fundamentó su determinación en que el DCR emitió la *Resolución* dentro del término de **7 días laborables a partir de la celebración de la vista** y el recurrente fue notificado el día siguiente. Así pues, coligió que "[s]urge de la Resolución emitida que la vista administrativa disciplinaria informal se celebró el **30 de agosto de 2024.** Conforme al documento mencionado, el Confinado Morales Ojeda recibió la resolución [emitida el **11 de septiembre de 2024**] el **12 de septiembre de 2024**".

---

[1] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Inconforme, el recurrente comparece ante nos mediante una *Moción de Apelación sobre Resolución de Apelación de Querella Disciplinaria Núm. 315-24-41.* Insiste en que no recibió la notificación de la *Resolución* dentro del término reglamentario de 7 días, según dispone el Reglamento Núm. 9221-2020. Alega que la vista se celebró el 30 de agosto de 2024 y que la *Resolución* se le notificó el 12 de septiembre de 2024, es decir, 13 días después de la vista.

Luego de revisar el escrito del señor Maldonado y los documentos que obran en autos, estamos en posición de resolver.

-II-

A.

La revisión judicial de las decisiones administrativas tiene como fin primordial delimitar la discreción de las agencias, para asegurar que ejerzan sus funciones conforme la ley y de forma razonable.[2] A esos efectos, la revisión judicial comprende tres aspectos, a saber: 1) la concesión del remedio apropiado; 2) la revisión de las determinaciones de hecho conforme al criterio de evidencia sustancial; y 3) la revisión completa y absoluta de las conclusiones de derecho del organismo administrativo.[3]

Esto es, la intervención judicial debe circunscribirse a determinar si el remedio concedido fue apropiado, si las determinaciones de hechos están razonablemente sostenidas por la prueba y **si las**

---

[2] *Fuentes Bonilla v. ELA et al.,* 200 DPR 364 (2018); *Unlimited v. Mun. de Guaynabo*, 183 DPR 947, 965 (2011); *Empresas Ferrer v. A.R.Pe.*, 172 DPR 254, 264 (2007).
[3] *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 217 (2012); *Padín Medina v. Adm. Sist. Retiro*, 171 DPR 950, 960 (2007).

**conclusiones de derecho del organismo administrativo son correctas.**[4] Además, el tribunal debe determinar si la agencia, en el caso particular, actuó arbitraria o ilegalmente, o de manera tan irrazonable que su actuación constituyó un abuso de discreción.[5]

**B.**

El Reglamento Núm. 9221-2020 tiene como propósito conceder la oportunidad a la población correccional de estar representada por un abogado o abogada y de conocer de manera clara y específica el procedimiento disciplinario al que está sujeta.[6] Surge en virtud de lo dispuesto en la Constitución de Puerto Rico, Art. VI, sec. 19, que impone al sistema correccional la responsabilidad de reglamentar las instituciones penales para que sirvan a su propósito de manera efectiva y propongan los tratamientos adecuados para la rehabilitación moral y social de la población correccional.[7] Por otro lado, el Plan de Reorganización Núm. 2-2011, según enmendado, faculta al Secretario del DCR para implantar reglamentos a los fines de regir la conducta de la población correccional bajo su jurisdicción.[8]

En lo aquí pertinente, la Regla 28(2) del Reglamento Núm. 9221-2020 dispone lo siguiente:

> **El Oficial Examinador tomará la correspondiente determinación y emitirá la pertinente resolución dentro del término directivo de siete (7) días laborables de celebrada la vista. Esta resolución**

---

[4] *Rivera v. A & C Development Corp.*, 144 DPR 450, 460-461 (1997). (Énfasis suplido).

[5] *Batista, Nobbe v. Jta. Directores, supra,* pág. 216; *JP, Plaza Santa Isabel v. Cordero Badillo*, 177 DPR 177, 187 (2009); *Rivera Concepción v. ARPe.*, 152 DPR 116, 122 (2000).

[6] Introducción del Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional, Reglamento Núm. 9221-2020.

[7] *Id*.

[8] *Id*.

**será notificada al querellado al día siguiente de entregada la misma.** Dicha resolución deberá contener:

A. Determinaciones de Hechos y Conclusiones de Derecho.

B. Debe apercibir al miembro de la población correccional de su derecho a solicitar una Reconsideración en el DCR o de instar el recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones, así como la partes que deberán ser notificadas del recurso de revisión, con expresión de los términos correspondientes, según dispuesto por la Regla 36 de este Reglamento.[9]

## -III-

Para comenzar, el recurrido no estaba obligado a emitir la *Resolución* en un término de 7 días. Una lectura atenta de la Regla 28(2) del Reglamento Núm. 9221-2020 revela **que el término en cuestión es directivo, no jurisdiccional.** Es decir, aunque el DCR tiene el deber de cumplir con el término directivo que se impuso mediante reglamento, podía emitir su determinación vencido el término si hubiera mediado justa causa.[10]

Aclarado lo anterior, la Regla 28(2) del Reglamento Núm. 9221-2020 faculta al DCR a emitir una resolución en el término de **7 días laborables de celebrada la vista.** Luego de entregada la *Resolución*, el recurrido tenía hasta el día siguiente para notificarla al señor Maldonado. Esto fue lo que sucedió en este caso. Veamos.

Surge del expediente que la vista disciplinaria se celebró el **30 de agosto de 2024,** la *Resolución* se emitió el **11 de septiembre de 2024** y el recurrente

---

[9] Regla 28(2) del Reglamento Núm. 9221-2020 de 8 de octubre de 2020. (Énfasis suplido).

[10] *Benítez Nieves v. ELA*, 202 DPR 818, 832 (2019). Véase, además, *Rosario Domínguez v. ELA*, 198 DPR 197, 208 (2017): Contrario a los términos jurisdiccionales, que por su naturaleza improrrogable "no están sujetos a interrupción o cumplimiento fuera de término", los términos directivos permiten establecer términos más breves o extensos.

recibió la notificación el día siguiente, es decir, el **12 de septiembre de 2024.** Por tal razón, la notificación se hizo conforme dispone la Regla 28(2) del Reglamento Núm. 9221-2020.

A todas luces, el error del recurrente consistió en considerar que el término de 7 días era jurisdiccional, no directivo, y que este había que computarlo a base de días calendarios no laborables.

En fin las conclusiones de derecho del DCR son correctas y en consecuencia el recurrente no derrotó la presunción de corrección de la *Resolución* recurrida.

**-IV-**

Por los fundamentos previamente expuestos, se confirma la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones