Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| UNIVERSAL INSURANCE COMPANY Y OTROS<br>Parte Apelante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, SECRETARIO DE JUSTICIA Y SUPERINTENDENTE POLICÍA DE PUERTO RICO<br>Parte Apelada | KLAN202500444 | Apelación procedente del Tribunal de Primera Instancia, Sala de Arecibo<br><br>Civil Núm.: AR2024CV00768<br><br>Sobre: Impugnación de Confiscación |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

### SENTENCIA

En San Juan, Puerto Rico, a 26 de junio de 2025.

Comparecen Popular Auto y Universal Insurance Company, y nos solicitan que revoquemos la Sentencia emitida el 10 de abril de 2025 y notificada al día siguiente, por el Tribunal de Primera Instancia (TPI), Sala Superior de Arecibo. En el dictamen se desestimó la demanda presentada por Popular Auto, por falta de jurisdicción. El 25 de abril de 2025, Popular Auto solicitó reconsideración y el 5 de mayo de 2025, fue declarada no ha lugar y notificada al siguiente día.

Por los fundamentos que expondremos a continuación, se **CONFIRMA** la Sentencia apelada.

### I.

El 28 de octubre de 2023, el Negociado de la Policía de Puerto Rico de Puerto Rico ocupó el vehículo de motor marca Toyota, modelo Tundra del año 2017, tablilla 957666, por alegada violación al Artículo 6.05 de la Ley de Armas de 2020[1]. El vehículo constaba

---

[1] Ley Núm. 168-2019, 9 LPRA sec. 3220.

inscrito a nombre de Popular Auto en el Registro de Vehículos de Motor del Departamento de Transportación y Obras Públicas de Puerto Rico (DTOP). Como parte del proceso de confiscación la Toyota Tundra fue tasada en $31,500.00. Así las cosas, el 8 de noviembre de 2023, se emitió la correspondiente Orden de Confiscación.

El 28 de diciembre de 2023, la Junta de Confiscaciones envió notificaciones al Sr. José F. Ríos Cardona -conductor-, a la Sra. Brendalie Torres Ponce -pareja de Ríos Cardona- y a Popular Auto -dueño registral-, a las direcciones postales que surgían del expediente de confiscación. Sin embargo, todas las notificaciones fueron devueltas. La razón por la devolución del señor Ríos Cardona y señora Torres Ponce fue *"Return to Sender-No Such Number-Unable to Forward"*, mientras las dos (2) enviadas a Popular Autos decían *"Return to Sender -Attempted-Not Known-Unable to Forward"*.

Así las cosas, el 29 de abril de 2024, Universal Insurance Co. y Popular Auto presentaron una demanda en contra del Estado impugnando la confiscación de la Toyota Tundra del año 2017. El 5 de junio de 2024, el Estado presentó su contestación. Entre sus defensas alegó falta de jurisdicción por haberse presentado la demanda fuera del término jurisdiccional de treinta (30) días establecidos en el Artículo 15 de la Ley Núm. 119-2011[2].

Reconocida la legitimación activa de Popular Auto, el 27 de noviembre de 2024, ésta presentó una *Moción Solicitando Sentencia Sumaria,* alegando que la confiscación debía declararse nula, toda vez que el Estado no notificó conforme a derecho. El 23 de diciembre de 2024, el Estado se opuso a la solicitud y solicitó la desestimación por falta de jurisdicción. En síntesis, el Estado argumentó que notificó a las partes interesadas a las direcciones según constaban

---

[2] 34 LPRA sec. 1724j.

en el expediente de confiscación. Por otra parte, indicó que Popular Auto tenía hasta el 7 de febrero de 2024, para presentar su demanda conforme al Artículo 15 de la Ley Núm. 119-2011[3]. Luego de una réplica de Popular Auto, el 10 de abril de 2025, el TPI emitió la *Sentencia* que nos ocupa. En el dictamen declaró no ha lugar la impugnación de la confiscación instada por Popular Auto y desestimó la demanda. Inconforme, el 25 de abril de 2025 Popular Auto solicitó reconsideración del dictamen y el 5 de mayo de 2025, fue declarado no ha lugar.

En desacuerdo con lo resuelto, Popular Auto presentó la apelación que nos ocupa y señala el siguiente error:

> Erró el Tribunal de Primera Instancia, Sala de Arecibo, al determinar que, en el caso de epígrafe, el Estado demostró que notificó adecuadamente de la confiscación del vehículo a Popular Auto y a la persona que tenía posesión del mismo al momento de la ocupación.

El 10 de junio de 2025, compareció la Oficina del Procurador General de Puerto Rico, mediante su correspondiente alegato. Analizadas las comparecieras de ambas partes, resolvemos.

**II.**

El Tribunal Supremo de Puerto Rico ha definido la confiscación como el acto que lleva a cabo el Estado de ocupar e investir para sí todo derecho de propiedad sobre cualesquiera bienes que hayan sido utilizados con relación de determinados delitos. *Centeno Rodríguez v. E.L.A.,* 170 DPR 907, 912-13 (2007). En nuestra jurisdicción, el mecanismo de confiscación está regulado por la Ley Uniforme de Confiscaciones de 2011, Ley Núm. 119-2011.[4] Como parte de la política pública, el legislador reafirmó la naturaleza *in rem* de estos procedimientos de confiscación, como

---

[3] Tenía un término jurisdiccional de 30 días, siguientes a la devolución del 8 de enero de 2024.
[4] 34 LPRA sec. 1724 et seq.

uno de carácter civil, e independiente de cualquier otra acción de naturaleza penal, administrativa o de cualquier otra índole. Véase, Exposición de Motivos; Artículo 8 de la Ley Núm. 119, *supra*.[5]

Nuestro más Alto Foro ha descrito el propósito de la confiscación de la siguiente forma: [...] se pretende desincentivar la conducta criminal al imponer un castigo adicional a la posible privación de la libertad tras un encausamiento penal, en este caso, la pérdida de la propiedad. Se trata de un esquema estatutario punitivo que, si bien en su forma procesal es civil, se asemeja más, por su naturaleza, al campo criminal. Por un lado, se vincula el proceso de confiscación con la conducta delictiva base que autoriza su ejecución de manera que, en su objetivo disuasivo y punitivo, constituya una herramienta adicional en los intentos del Estado por atender la problemática social de la criminalidad. Por otro lado, se separa procesalmente la confiscación de la acción penal, moviéndose "la persecución del criminal... de la esfera penal a la del proceso civil para incautarse de los bienes instrumentales del delito o resultantes de la operación o empresa criminal." Así, la confiscación es un mecanismo en la lucha contra el crimen y "actúa como una sanción penal adicional contra el criminal". Por lo tanto, aunque el proceso mantiene su forma civil, su objetivo sigue siendo punitivo. *Coop. Seg. Múlt. v. E.L.A.*, 180 DPR 655, 663-665 (2011).

Cónsono con lo anterior, el proceso de confiscación tiene dos modalidades: *in personam* o *in rem*. La primera es de naturaleza penal, y es parte del proceso criminal dirigido contra el alegado autor del delito que autoriza la confiscación. En la modalidad de confiscación *in personam*, si se encuentra culpable a la persona imputada, la sentencia impone como sanción la confiscación del bien incautado. La segunda modalidad es un proceso civil que va

---

[5] 34 LPRA sec. 1724e.

directamente contra la cosa. Ésta es la modalidad recogida en la *Ley Uniforme de Confiscaciones,* supra.

Por consiguiente, la *Ley Uniforme de Confiscaciones*, supra, si bien en su forma procesal es civil, se asemeja más, por su naturaleza, al ámbito criminal. El esquema estatutario de la ley es en esencia punitivo, porque además de ser una herramienta de lucha contra el crimen por ser un elemento disuasivo para el delincuente que, por temor a exponerse al peligro de perder su propiedad limita su actividad delictiva o no le resulta tan fácil su realización, actúa como una sanción penal adicional contra el criminal. *Coop. Seg. Mult. v. E.L.A., supra*, págs. 663-664.

En lo aquí pertinente, el ordenamiento le impone al Estado el deber de notificar una confiscación. Dicha exigencia cumple con el propósito de salvaguardar los derechos de las partes interesadas en la propiedad confiscada, de modo que tengan la oportunidad para presentar sus defensas. *Reliable v. Depto. Justicia y ELA,* 195 DPR 917 (2016). Al respecto, el Artículo 13 de la Ley 119-2011, *supra*[6], expresamente dispone:

> El Director Administrativo de la Junta notificará la confiscación y la tasación de la propiedad confiscada a las siguientes personas:
>
> a) …
> b) …
> c) en los casos de vehículos de motor, se notificará, además, al dueño, según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación tenga su contrato inscrito;
> d) …
> Toda confiscación se notificará por correo certificado dentro de un término jurisdiccional de treinta (30) días, siguientes a la fecha de la ocupación física de los bienes. La notificación se hará a la dirección conocida del alegado dueño, encargado o persona con derecho o interés en la propiedad, según consta del expediente de la confiscación.

---

[6] 34 LPRA sec. 1724j

Por su parte, sobre las acciones de impugnación de bienes confiscados, el Artículo 15 de la Ley 119-2011, *supra*[7], esta Ley dispone como sigue:

Las personas notificadas, según lo dispuesto en este capítulo y que demuestren ser dueños de la propiedad, podrán impugnar la confiscación dentro de los treinta (30) días siguientes a la fecha en que se reciba la notificación, mediante la radicación de una demanda contra el Estado Libre Asociado de Puerto Rico y el funcionario que autorizó la ocupación, debiéndose emplazar al Secretario de Justicia dentro de los quince (15) días siguientes a la fecha en que se presentó la demanda. En aquellos casos que la notificación sea devuelta, los términos indicados comenzarán a computarse desde que la referida notificación sea recibida por el Departamento de Justicia. Estos términos son jurisdiccionales. El Secretario de Justicia representará al Estado Libre Asociado de Puerto Rico en todos los casos de impugnación de confiscación y formulará sus alegaciones dentro de los treinta (30) días de haber sido emplazado. La demanda deberá radicarse en la sala correspondiente del Tribunal de Primera Instancia, Sala Superior. El tribunal tramitará estas demandas de manera expedita y los procedimientos se celebrarán sin sujeción a calendario.

[…]

Para fines de este capítulo se considerará "dueño" de la propiedad una persona que demuestre tener interés propietario en la propiedad incautada, incluyendo una persona que posea un gravamen sobre dicha propiedad a la fecha de ocupación de la propiedad incautada, o una cesión válida de tal interés propietario.

Según surge del anterior Artículo, tanto el plazo para notificar la ejecución de una confiscación por parte del Estado, como el término para presentar una demanda de impugnación respecto a la misma, son de carácter jurisdiccional. Sabido es que los términos jurisdiccionales son improrrogables y fatales, por lo que no admiten interrupción ni cumplimiento fuera de los mismos, ello con independencia de las consecuencias procesales que su expiración conlleve. *Rosario Domínguez et als. v. ELA et al.,* 198 DPR 197 (2017).

---

[7] 34 LPRA sec. 1724l

**III.**

Popular Auto señaló como único error que el Estado no demostró que notificó adecuadamente la confiscación. Popular Auto entendió que las notificaciones no le fueron remitidas adecuadamente a sus direcciones postales, por tanto, la confiscación es nula. Añade Popular Auto, que no entiende el problema con las notificaciones, cuando en el pasado el Estado ha notificado muchas confiscaciones a dicha institución financiera. Contrario a lo argumentado por Popular Auto, el Estado arguyó que cumplió con lo que dispone la ley –entiéndase, al notificar la confiscación del vehículo a Popular Auto como dueño registral, a las direcciones según estaban registradas en la *Orden de Confiscación* y en el Departamento de Transportación y Obras Públicas de Puerto Rico. Igualmente, el Estado entiende que el TPI actuó correctamente cuando desestimó la demanda, ya que la misma se había presentado una vez expirado el término jurisdiccional dispuesto para ello.

Concurrimos con el Estado cuando menciona que el procedimiento establecido en la Ley Núm. 119-2011, *supra,* simplemente les requiere cumplir con el trámite procesal de la notificación impuesta por el Artículo 13, antes mencionado. El artículo solo le exige notificar a las direcciones que surjan del expediente de confiscación. En el caso específico de vehículos de motor confiscados el Artículo 13 (c), ante, claramente establece que se le notificará "…al dueño, según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas…" **Resulta indiscutible, que corresponde exclusivamente a los dueños y/o acreedores condicionales procurar que sus direcciones postales estén correctas y actualizadas en los Certificados de Títulos y en los Permisos Para Vehículos de Motor o Arrastres registrados ante el Departamento de Transportación y Obras Públicas.**

En nuestro caso no tenemos duda que el Estado notificó a Popular Auto, como dueño registral a las direcciones que obraban en la *Orden de Confiscación,* en el *Certificado de Título* sometido por el propio Popular Auto y en el *Permiso Para Vehículos de Motor o Arrastres,* los dos últimos registrados ante el Departamento de Transportación y Obras Públicas.

En resumen, analizado el expediente judicial y los hechos que nos ocupa, resulta forzoso concluir que el Estado cumplió con el Artículo 13 de la Ley Núm. 119-2011, *supra.* Esto al notificar a Popular Auto de la confiscación el 28 de diciembre de 2023, mediante correo certificado a las direcciones postales según registradas. Una vez fueron devueltas las notificaciones el 8 de enero de 2024, Popular Auto tenía un término de treinta (30) días jurisdiccionales, a partir de esa fecha, para presentar su demanda de impugnación. Presentada la demandada fuera del término jurisdiccional dispuesto en el Artículo 15 de la Ley Núm. 119-2011, supra, el foro primario estaba impedido de entender en el asunto por falta de jurisdicción.

**IV.**

Por los fundamentos anteriormente discutidos, **CONFIRMAMOS** la Sentencia apelada.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones