<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL III</td></tr>
<tr>
<td>GEOVANNY ORTIZ PÉREZ<br><br>**Apelante**<br><br>Vs.<br><br>EDWIN O. GONZÁLEZ RAMOS Y OTROS<br><br>**Apelados**</td>
<td>TA2025AP00394</td>
<td>Apelación procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm.: BY2023CV07350<br><br>Sobre: Daños</td>
</tr>
</table>

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 15 de octubre de 2025.

El 25 de septiembre de 2025[1], el Sr. Geovanny Ortiz Pérez (señor Ortiz o apelante), miembro de la población correccional, compareció ante nos, por derecho propio, *in forma pauperis*, mediante un recurso de Apelación el cual intituló *Petición de Certiorari* y solicitó la revisión de una *Sentencia Final* que se dictó y notificó el 18 de junio de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Mediante el aludido dictamen, el TPI desestimó la *Demanda* que presentó el apelante al amparo de la Regla 39.2 (B) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,

---

[1] Cabe precisar que, el matasellos del Servicio Postal de los Estados Unidos (USPS) refleja la fecha del 22 de septiembre de 2025 como la fecha en que el recurso fue recibido para su envío, a pesar de que en el propio recurso de epígrafe consta la fecha del 1 de septiembre de 2025. Sin embargo, la Secretaría de este Tribunal recibió el recurso el 25 de septiembre de 2025.

*In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso de epígrafe por falta de jurisdicción por tardío.

I.

El 22 de febrero de 2025, el señor Ortiz presentó una *Demanda Civil* sobre daños y perjuicios, trato y castigo cruel, y violación de derechos contra el Sr. Edwin O. González Ramos y otros.[2]

Luego de varios trámites procesales que no resultan necesario detallar, el 30 de abril de 2025, el TPI dictó una *Orden*, notificada el 1 de mayo de 2025, mediante la cual apercibió al apelante para que promoviera su causa de acción dentro del término de veinte (20) días, so pena de desestimación de la *Demanda Civil*, conforme dispone la Regla 39.2(b) de Procedimiento Civil, *supra*, ante la ausencia de gestión procesal.[3] Transcurrido dicho término sin que el apelante cumpliera con la referida *Orden*, el 18 de junio de 2025, el TPI emitió y notificó una *Sentencia Final* mediante la cual desestimó la *Demanda Civil* al amparo de la Regla 39.2(b) de Procedimiento Civil, *supra*.[4]

Inconforme con dicho dictamen, el 7 de agosto de 2025, el señor Ortiz presentó una solicitud de reconsideración titulada *Moción Urgente en Oposición de Desestimación a la Demanda de Autos*.[5] Atendida esta solicitud, el 14 de agosto de 2025, el TPI emitió una *Orden*, notificada el 15 de agosto de 2025, en la cual determinó que la reconsideración era académica y resolvió que carecía de jurisdicción para atenderla.[6] Aún en desacuerdo, el 25 de

---

[2] *Véase*, Entrada Núm. 1, SUMAC TPI.
[3] *Véase*, Entrada Núm. 33, SUMAC TPI.
[4] *Véase*, Entrada Núm. 34, SUMAC TPI.
[5] *Véase*, Entrada Núm. 35, SUMAC TPI.
[6] *Véase*, Entrada Núm. 36, SUMAC TPI.

septiembre de 2025, el apelante presentó el recurso de epígrafe impugnando la *Sentencia Final* de 18 de junio de 2025.

## II.

### -A-

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o asunto. *Pérez López y otros v. CFSE,* 189 DPR 877, 882 (2013). La falta de jurisdicción trae consigo las consecuencias siguientes:

> (a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (e) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu propio. *MCS Advantage, Inc. v. Fossas Blanco,* 211 DPR 135, 145 (2023).

A tono con lo anterior, nuestro Tribunal Supremo ha expresado que los tribunales **"debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado**. (Énfasis nuestro). *Yumac Homa v. Empresas Masso,* 194 DPR 96,104 (2015). Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo". *Perez Lopez y otros v. CFSE,* supra, pág. 883. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos. *Yumac Home v. Empresas Masso,* supra, pág. 103. Cuando este Foro carece de jurisdicción, procede la inmediata desestimación del recurso apelativo. *Freire Ruiz v. Morales Román,* 2024 TSPR 129, 214 DPR ____ (2024).

De otra parte, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008). Estos tipos de recursos carecen de eficacia y no producen ningún efecto jurídico,

pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. Íd. Conforme a lo que antecede, este Tribunal de Apelaciones puede desestimar, *motu proprio*, un recurso prematuro o tardío por carecer de jurisdicción. Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 109-110, 215 DPR __ (2025). Particularmente, la referida regla, en lo pertinente, dispone que:

[…]

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

**(1) que el Tribunal de Apelaciones carece de jurisdicción.** (Énfasis suplido).

[…]

(C) El Tribunal de Apelaciones a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.

**-B-**

La Regla 52 de Procedimiento Civil, 32 LPRA Ap. V, R.52, regula el procedimiento y perfeccionamiento de los recursos apelativos. En lo pertinente, la Regla 52.2(a) de Procedimiento Civil, *supra*, establece que "[l]os recursos de apelación al Tribunal de Apelaciones o al Tribunal Supremo para revisar sentencias deberán presentarse dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado".

De igual forma, la Regla 13 (A) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág.23, 215 DPR __ (2025), señala que "[l]as apelaciones contra las sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la

notificación de la sentencia, al menos que alguna ley especial disponga un término distinto". Sobre los términos jurisdiccionales, el Tribunal Supremo ha expresado que estos son improrrogables e insubsanables, lo cual implica que no se pueden acortar ni extender. *Rosario Domínguez et als. v. ELA et al.*, 198 DPR 197, 208 (2017).

**-C-**

La Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, preceptúa todo lo relativo a la solicitud de reconsideración. En lo pertinente al caso ante nos, la referida regla establece que la parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia. Íd.

III.

Es harto sabido que las cuestiones relativas a la jurisdicción de un Tribunal para atender ciertas controversias deben resolverse con preferencia. Por consiguiente, de entrada, resolvemos que no tenemos jurisdicción para atender la presente controversia en sus méritos. Ello, toda vez que el presente recurso se presentó en una fecha posterior al término jurisdiccional de treinta (30) días que dispone la ley para recurrir en alzada ante nos.

Conforme al precitado derecho, la parte adversamente afectada por una Sentencia del TPI podrá presentar, dentro del **término jurisdiccional** de **quince (15) días** desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración del dictamen. Regla 47 de Procedimiento Civil, *supra.* Sin embargo, **si dicha moción no se presenta oportunamente, se tendrá por no puesta y no interrumpirá el término jurisdiccional de treinta (30) días para recurrir en alzada ante nos.**

Además, cabe resaltar, que, **al ser términos jurisdiccionales, estos no admiten prórroga, aunque la parte presente justa causa para ello.** *Rosario Domínguez v. ELA,* supra. Consecuentemente, si la parte adversamente afectada por la sentencia del TPI no presenta su reconsideración oportunamente y tampoco presenta su recurso de apelación dentro del término provisto por ley, no tendremos jurisdicción para atender el recurso ante nuestra consideración.

En el caso de autos, la *Sentencia Final* fue dictada y notificada el **18 de junio de 2025**. En virtud de ello, el señor Ortiz tenía hasta el **3 de julio de 2025** para presentar su solicitud de reconsideración. No obstante, el apelante presentó dicha solicitud el **7 de agosto de 2025**, es decir, treinta y cinco (35) días después de expirado el término dispuesto por ley.

En consecuencia, no cabe duda de que la solicitud de reconsideración fue presentada fuera del término jurisdiccional de quince (15) días, por lo que el TPI carecía de jurisdicción para atenderla. Así las cosas, el término para recurrir en alzada nunca se interrumpió, por lo que el apelante tenía hasta el **18 de julio de 2025** para comparecer ante este Foro Intermedio.

Sin embargo, no fue hasta el **25 de septiembre de 2025** que el señor Ortiz presentó su recurso de apelación. Cabe reiterar que el matasellos del Servicio Postal de los Estados Unidos (USPS) refleja la fecha del 22 de septiembre de 2025 como la fecha en que el recurso fue recibido para su envío. Aun si se considerara dicha fecha como la de presentación del recurso, este resultaría igualmente extemporáneo, pues fue radicado fuera del término dispuesto por ley.

Por todo lo anterior, nos vemos obligados a desestimar el recurso de epígrafe por tardío, conforme a la facultad que nos confiere la Regla 83(B)(1) y (C) del Reglamento del Tribunal de Apelaciones, *supra.*

IV.

Por los fundamentos antes esbozados, ***desestimamos*** el recurso de epígrafe por falta de jurisdicción por tardío.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones