Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| GSLS ENTERPRISES LLC<br><br>RECURRENTE<br><br><br>V.<br><br>MUNICIPIO AUTÓNOMO DE SAN JUAN<br><br>RECURRIDO | TA2025RA00278 | *Revisión Judicial* procedente de la Oficina de Permisos del Municipio Autónomo de San Juan<br><br>Caso Núm. 24OP-66435QU-SA<br><br><br>Sobre: Reconsideración de multa<br>Boleto Núm. 004972 |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de octubre de 2025.

### I.

El 9 de octubre de 2025, GSLS Enterprise LLC (GSLS o parte recurrente), presentó digitalmente un *Recurso de Revisión Administrativa* en el que nos solicitó que revoquemos la *Resolución sobre Solicitud de Reconsideración a Multa administrativa* emitida por la Oficina de Permisos del Municipio Autónomo de San Juan (MASJ o foro recurrido) el 5 de septiembre de 2025, notificada mediante depósito en el correo el 8 de septiembre de 2025.[1] Mediante dicho dictamen, el foro recurrido declaró No Ha Lugar la solicitud de reconsideración del Boleto Núm. 004972 expedido contra la parte recurrente en su estación de gasolina.

Como asunto de umbral, corresponde mencionar que la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, ***In re Aprob. Enmdas. Reglamento TA***, 2025 TSPR

---

[1] Véase Entrada Núm. 2 del Apéndice del recurso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).

42, pág. 15, 215 DPR __ (2025), confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el propósito de lograr su más justo y eficiente despacho.

**II.**

El caso de marras tuvo su génesis el 1 de mayo de 2025, cuando GSLS presentó una *Solicitud de Reconsideración o, en la alternativa, de Vista administrativa, al amparo de la opinión del Tribunal Supremo en el caso de Katiria's Café v. Municipio Autónomo de San Juan, 2025 T.S.P.R 33,* ante la Oficina de Permisos del MASJ, cuestionando la imposición de una multa administrativa a su comercio.[2] GSLS cuenta con permiso único para la operación de estación de gasolina y colmado, venta de bebidas alcohólicas selladas, cigarrillos y piezas y accesorios para vehículos de motor.[3]

Según surge del expediente ante nos, el 11 de abril de 2025, el Inspector de la Oficina de Permisos del MASJ le expidió un boleto a la parte recurrente por infracción a los Arts. 1.3, 9.12 (a) y 14.13 (c) de la *Ley para la Reforma del Proceso de Permisos de Puerto Rico,* Ley Núm. 161-2009, según enmendada, 23 LPRA sec. 9011 *et seq.*, por la cantidad de $4,800.000, debido al consumo de bebidas alcohólicas en los predios de la estación de gasolina, por tercera ocasión.[4] Mediante el referido boleto, entre otras cosas, la parte recurrente quedó apercibida de su derecho a presentar una reconsideración.

Tras varios trámites procesales, el 5 de septiembre de 2025 y notificada mediante correo postal el 8 de septiembre de 2025, la Oficina de Permisos del MASJ emitió una *Resolución sobre Solicitud de Reconsideración a Multa administrativa.*[5] El foro recurrido acogió de forma íntegra el informe emitido por la Oficial Examinadora que

---

[2] Íd., Entrada Núm. 11.
[3] Íd., Entrada Núm. 3.
[4] Íd., Entrada Núm. 1.
[5] Íd., Entrada Núm. 2.

presidió la vista administrativa y determinó No Ha Lugar a la reconsideración, por lo cual mantuvo la multa impuesta. Mediante dicha determinación, la Oficina de Permisos del MASJ apercibió a la parte recurrida de su derecho a presentar una solicitud de revisión judicial ante este Tribunal de Apelaciones.

Inconforme con la determinación, el 9 de octubre de 2025, GSLS presentó un *Recurso de Revisión Administrativa* en la que nos solicitó que revoquemos la *Resolución sobre Solicitud de Reconsideración a Multa administrativa* emitida por la Oficina de Permisos del MASJ y, en consecuencia, se deje sin efecto el Boleto Núm. 004972. GSLS formuló los siguientes señalamientos de error:

> **Primer Error**: Erró la Oficina de Permisos del MASJ al declarar No Ha Lugar la reconsideración del boleto a pesar de que el Boleto no indica cuál es la disposición legal infringida, (A) el Boleto no indica cuál es la disposición legal infringida.
> **Segundo Error**: Erró la Oficina de Permisos del MASJ al declarar No Ha Lugar la reconsideración del boleto a pesar de que existen dos versiones del "Informe de Investigación" con números de querella distintos.
> **Tercer Error**: Erró la Oficina de Permisos del MASJ al declarar No Ha Lugar la reconsideración del boleto a pesar de que, según el "Informe de Investigación", la investigación se inició 228 días luego de radicada la Querella, pero el Boleto fue expedido antes de que el Inspector hubiese suscrito el Informe de Investigación.
> **Cuarto Error**: Erró la Oficina de Permisos del MASJ al declarar No Ha Lugar la reconsideración del boleto a pesar de que el Boleto indica que hubo "incumplimiento con órdenes de la Oficina de Permisos" pero no hace referencia a ninguna orden de la Oficina de Permisos que la Peticionaria-Recurrente hubiese incumplido

### III.

### A.

La jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". ***Cobra Acquisitions v. Mun. de Yabucoa et al.,*** 210 DPR 384, 394 (2022); ***Adm. Terrenos v. Ponce Bayland***, 207 DPR 586, 600 (2021); ***Shell v. Srio. Hacienda***, 187 DPR 109, 122 (2012). "Para adjudicar un caso, el tribunal debe tener tanto jurisdicción sobre la materia como

sobre las partes litigiosas". ***Cobra Acquisitions v. Mun. de Yabucoa et al.****,* supra; ***Shell v. Srio. Hacienda***, supra. Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales tienen siempre la obligación de ser celosos guardianes de su propia jurisdicción, toda vez que sin jurisdicción no están autorizados a entrar a resolver los méritos de un recurso. ***Shell v. Srio. Hacienda***, *supra*, págs. 122-123. En consecuencia, los asuntos de jurisdicción son materia privilegiada y deben ser resueltos con preferencia. ***Fuentes Bonilla v. ELA***, 200 DPR 364, 372 (2018). Así, cuando un tribunal no tiene autoridad para atender el recurso, solo tiene jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. ***Mun. de San Sebastián v. QMC Telecom***, 190 DPR 652, 660 (2014).

De ordinario, la falta de jurisdicción posee las siguientes características: (1) no es susceptible de ser subsanada; (2) las partes no pueden conferírsela voluntariamente al tribunal, ni este puede arrogársela; (3) conlleva la nulidad de cualquier dictamen emitido; (4) impone a los tribunales el deber obligatorio de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro inferior; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de partes o por el propio tribunal. ***González v. Mayagüez Resort & Casino***, 176 DPR 848, 855 (2009).

A tenor con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada*, **In re Aprob. Enmdas. Reglamento TA***, 2025 TSPR 42, pág. 109-110, 215 DPR __ (2025), nos autoriza a desestimar un recurso por falta de jurisdicción. Entre las razones que privan a los tribunales de asumir jurisdicción sobre un asunto, está el incumplimiento con la presentación del recurso dentro del término de cumplimiento estricto dispuesto por ley, sin que exista justa causa para ello.

**B.**

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38 de 2017, según enmendada, 3 LPRA secs. 9601 *et seq.*, (LPAU) establece el alcance de la revisión judicial de las determinaciones de las agencias administrativas. A su vez, la Ley de la Judicatura de Puerto Rico de 2003 estatuye la competencia del Tribunal de Apelaciones como foro revisor de las determinaciones administrativas. ***Edward Simpson v. Consejo de Titulares y Junta de Directores del Condominio Coral Beach***, 214 DPR 370, 377 (2024); véase, además, Art. 4.006(c) de la Ley de la Judicatura de Puerto Rico, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24(c); Regla 56 del Reglamento del Tribunal de Apelaciones, *supra*, pág. 75.

A tenor con la LPAU y la jurisprudencia aplicable, la revisión judicial consiste, esencialmente, en determinar si la actuación de la agencia se dio dentro de las facultades que le fueron conferidas por ley, si es compatible con la política pública que la origina y si es legal y razonable. ***Capó Cruz v. Junta de Planificación***, 204 DPR 581, 590-591 (2020); ***Rolón Martínez v. Supte. Policía***, 201 DPR 26, 35 (2018).

La LPAU dispone que una parte adversamente afectada por una orden o resolución de una agencia puede acudir en *Revisión Judicial* al tribunal siempre y cuando haya agotado los remedios administrativos. ***Edward Simpson v. Consejo de Titulares y Junta de Directores del Condominio Coral Beach***, supra, pág. 378. Específicamente, la Sección 4.2 de la LPAU, *supra*, sec. 9672, dispone que una parte adversamente afectada por una orden o resolución final de una agencia podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, en un término de treinta (30) días contados a partir de la fecha del archivo en autos de copia de la notificación de la orden o resolución final de la agencia o a

partir de la fecha aplicable de las dispuestas en la Sección 3.15 de dicha ley (3 LPRA sec. 9655), cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

A su vez, la Regla 57 del Reglamento del Tribunal de Apelaciones, *supra*, pág. 75, establece que el recurso de revisión judicial deberá ser presentado **dentro del término jurisdiccional de treinta (30) días** siguientes a la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo administrativo.

La revisión judicial de una decisión administrativa se circunscribe a analizar lo siguiente: (1) si el remedio concedido por la agencia fue el apropiado; (2) si las determinaciones de hecho realizadas por la agencia estuvieron sustentadas por prueba sustancial que surgió del expediente administrativo, y (3) si, mediante una revisión completa y absoluta, las conclusiones de derecho fueron correctas. ***Otero Rivera v. Bella Retail Group, Inc.***, 214 DPR 473, 484-485 (2024); ***Rolón Martínez v. Supte. Policía***, supra, pág. 35-36.

**IV.**

En el caso de marras, GSLS nos solicita que revoquemos la determinación final de la Oficina de Permisos del MASJ que mantuvo la multa administrativa expedida en contra de la parte recurrente por infracciones a la Ley Núm. 161-2009, *supra,* en su establecimiento comercial.  Sin embargo, la parte recurrente incumplió crasamente con la Regla 57 del Reglamento del Tribunal de Apelaciones, *supra,* pág. 75. Esto, dado a que presentó el recurso de revisión judicial fuera del término jurisdiccional de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo administrativo o del depósito en el correo, como en este caso.

Obsérvese que el foro recurrido emitió su dictamen final el 5 de septiembre de 2025, y lo depositó en el correo postal el **8 de septiembre de 2025**. Por lo cual, GSLS tenía hasta el **8 de octubre de 2025** para presentar el recurso de revisión judicial ante nos. Empero, lo presentó digitalmente el 9 de octubre de 2025.

A esos fines, la Regla 72 (A) del Reglamento del Tribunal de Apelaciones, *supra*, pág. 94, establece que el plazo para presentar un escrito, de forma electrónica, dentro de un periodo determinado vencerá a las once y cincuenta y nueve de la noche del día correspondiente.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, corresponde desestimar el presente recurso por falta de jurisdicción.

Es norma reiterada que los términos jurisdiccionales son de naturaleza improrrogable, por lo que no están sujetos a interrupción o cumplimiento fuera de término. Lo anterior, independientemente de las consecuencias procesales que su expiración provoque. ***Rosario Domínguez et als. v. ELA et al.***, 198 DPR 197, 208 (2017). Como resultado, si una parte incumple con un requisito jurisdiccional, el foro carecerá de jurisdicción para evaluar la controversia ante su consideración y deberá desestimar el caso. ***COSVI v. CRIM***, 193 DPR 281, 287 (2015). Por lo tanto, este foro revisor está imposibilitado de atender el presente recurso.

**V.**

Por los fundamentos pormenorizados, se desestima el recurso de revisión judicial por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones